EXHIBIT A TO

SUBMISSION OF IDENTIFICATION OF EXPERT AND SUMMARY
OF EXPERT TESTIMONY TO BE OFFERED AT TRIAL BY
INTERPLEADER-DEFENDANT HART REVOCABLE TRUST

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **SADDLEBACK EXPLORATION, LLC,** | § | |
| **Interpleader-Plaintiff,** | § | |
| | § | |
| | § | |
| **V.** | § | **Civil Action No. 4:23-cv-3091** |
| | § | |
| | § | |
| **BARBARA BRUNELLE, ET AL,** | § | |
| **Interpleader-Defendants** | § | |
| | § | |

## DECLARATION OF ARIANE DOGGETT IN SUPPORT OF HART REVOCABLE TRUST'S RESPONSE TO REMNANT ASSETS, LLC'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF HART REVOCABLE TRUST'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. My name is Ariane Doggett. I am more than 21 years of age and have never been convicted of a felony or a crime involving moral turpitude. I am an oil and gas landman and have worked as an independent oil and gas landman since 2014 and have been in the industry since 2009. I obtained a bachelor's degree in economics from Texas A&M University. Prior to becoming the Vice President of Doggett Land Services LLC, I was the Vice President of an oil and gas company that operated wells across Texas and I oversaw the management of the land department.

2. As a landman, I have personally reviewed and analyzed the status of title to oil and gas interests across Texas, and specialize in due diligence for mineral buyers and sellers in the Permian Basin area. I am competent to give this declaration and have personal knowledge of the facts stated herein, all of which are true and correct.

3. Doggett Land Services LLC was contracted to research the ownership of The Hart Revocable Trust within the South ¾ of Section 6, Block B-6, Public School Land Survey, A-1310, 482.50 acres, more or less, Winkler County, Texas. The records of the County Clerk of Winkler County, Texas, for the time period of March 13, 1883 to January 5, 2024 were reviewed, insofar as they affected the mineral and royalty title of The Hart Revocable Trust within the subject land. Based on this research, it was determined that The Hart Revocable Trust owns the following interest:

    1/2 x 1/64 of 1/8 "of the landowners 1/8 royalty" in the SE4NW4 of Section 6 and

    1/2 x 1/64 of 1/8 "of the landowners 1/8 royalty" in the SE4 of Section 6.

4. Wm. J. Gorndt and Etta M. Fackler each received their interest from The Mid-Tex Company, Hubert Hoffman, Sole Trustee. Wm. J. Gorndt and Etta M. Fackler conveyed their interest to Continental and Gulf Syndicate Ltd., and through mesne conveyances The Hart Revocable Trust succeeded to 1/2 of the interest of Continental and Gulf Syndicate Ltd.

5. It is my opinion that The Hart Revocable Trust owns 1/2 x 1/64 of 1/8 "of the landowners 1/8 royalty" interest in the SE4NW4 of Section 6 (via Wm. J. Gorndt) and 1/2 x 1/64 of 1/8 "of the landowners 1/8 royalty" interest in the SE4 of Section 6 (via Etta M. Fackler),

and has owned that interest since the blanket conveyance from Jack L. Hart to The Hart Revocable Trust in 1990.

6. Attached hereto as Exhibit "A" is a limited chain of title prepared by Doggett Land Services LLC which contains the recording information for each of the documents in Exhibits "B-1" through "B-15." Attached hereto as Exhibits "B-1" through "B-15" are true and correct copies of documents recorded in the books and records of Winkler County, Texas which demonstrate the record title of The Hart Revocable Trust.

Executed this **10** day of May 2024 by Ariane Doggett.

*Ariane Doggett*

Ariane Doggett

# Exhibit "A"

| Document # | Book | Volume | Page | Instrument Type | Effective Date | Filed Date | Grantor | Grantee | Legal Description | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 13312 | DR | 39 | 103 | RD | 6/25/1929 | 6/27/1929 | Paul Vitek, Trustee | Mid-Tex Company, Hubert Hoffman, Trustee | S 3/4 of Section 6, Blk B-6, N2 and SW4 Section 16, Blk B-6 | 1/64 of the landowners 1/8 royalty interest interest is a royalty interest included in and with the royalty |
| 13446 | DR | 42 | 509 | RD | 7/31/1929 | 10/19/1929 | Paul Vitek, Trustee | Mid-Tex Company, Hubert Hoffman, Trustee | S 3/4 of Section 6, Blk B-6, and other lands | 1/64 of the landowners 1/8 royalty interest interest is a royalty interest included in and with the royalty |
| 14375 | DR | 39 | 506 | RD | 9/3/1929 | 10/19/1929 | Paul Vitek, Trustee | Mid-Tex Company, Hubert Hoffman, Trustee | S 3/4 of Section 6, Blk B-6, and other lands | 1/64 of the landowners 1/8 royalty interest interest is a royalty interest included in and with the royalty |
| 14064 | DR | 39 | 372 | RD | 9/17/1929 | 9/25/1929 | The Mid-Tex Company, Hubert Hoffman, Sole Trustee | Wm. J. Gorndt | SE4NW4 Section 6, Blk B-6, 40 acres | 1/64 of 1/8 of the landowners 1/8 royalty interest interest is a royalty interest included in and with the royalty |
| 1537 | DR | 49 | 404 | RD | 10/1/1929 | 3/27/1933 | The Mid-Tex Company, Hubert Hoffman, Sole Trustee | Mrs. Etta M. Fackler | SE4 Section 6, Blk B-6, 160 acres | 1/64 of 1/8 of the landowners 1/8 royalty interest interest is a royalty interest included in and with the royalty |
| A11178 | DR | 70 | 492 | RD | 9/15/1941 | 9/19/1941 | Etta M. Fackler | Continental and Gulf Syndicate Ltd. | 1/64 of 1/8 of the landowners 1/8 royalty: SE4 Section 6, Blk B-6, 160 acres; 8/2000 interest of 1/2 of 1/64 of the landowners 1/8 royalty: Section 6, Blk B-6, 160 acres; and other lands | interest is a royalty interest, included in and with the royalty |
| A13086 | DR | 74 | 575 | RD | 10/27/1941 | 4/12/1943 | Wm. J. Gorndt | Continental and Gulf Syndicate Ltd. | 1/64 of 1/8 of the landowners 1/8 royalty in: SE4NW4 Section 6, Blk B-6, 40 acres; and other lands | interest is a royalty interest, included in and with the royalty |
| A68525 | DR | 201 | 417 | Deed | 5/15/1964 | 5/15/1964 | Jack L. Hart, ancillary receiver in Texas for Continental and Gulf Syndicate Ltd. | H.D. Mahin | all the Texas property of Continental and Gulf Syndicate Ltd. | |
| A68554 | DR | 201 | 479 | Deed | 5/16/1964 | 5/22/1964 | H.D. Mahin | Richard W. Pauley | 1/2 of the property conveyed to Mahin by Hart in 201/417 DR | |
| A69402 | DR | 204 | 74 | ASN | 9/21/1964 | 9/24/1964 | H.D. Mahin | Royalty Roundup Inc. | 1/2 of the property conveyed to Mahin by Hart in 201/417 DR | effective as to any accrued royalties and all other claims from date of last payment or first run |
| B19194 | DR | 327 | 261 | Probate Proceedings | 9/24/1982 | 10/6/1982 | The Estate of Nancy Hart, Deceased | Public | | A.) All rest, residue and remainder of community property to my husband Jack L. Hart B.) All rest, residue and remainder of separate property to First National Bank of Midland, as Trustee. One daughter, Nancy Love Hart, born 11/16/1954. |
| B19734 | DR | 328 | 565 | Affidavit | 9/30/1982 | 12/6/1982 | Jack L. Hart | Public | | Recognition of Permanent Forfeiture of Charter Royalty Roundup, Inc. charter forfeited by secretary of state 4/16/1964; sole officers being Jack L. Hart and wife Nancy G. Hart, who died 10/12/1981. Jack L. Hart acquired all interest. |
| B44950 | DR | 397 | 676 | Correction General Conveyance | 12/18/1990 | 12/20/1990 | Jack L. Hart | The Hart Revocable Trust | | Jack L. Hart married Nancy Grossman 3/21/1947 and married until her death 10/12/1981. Her will was probated in Midland County and she devised her entire estate to Jack L. Hart. Royalty Roundup Inc., The Coldwater Corp., The Maberry Company all forfeit. Ref 779/34 Midland, 328/565 Winkler, 407/169 Yoakum notices. Jack L. Hart and wife, Nancy G. Hart were the sole officers, directors and shareholders and all assets passed to them as community property. Her 1/2 interest was devised to Jack L. Hart. |
| C22086 | OPR | | | Probate Proceedings | 11/21/1993 | 7/21/2017 | Estate of Jack L Hart, Deceased | Public | | Married twice, first to Carlotta Hart in 1944 and divorced in 1946. No children were born to this marriage. Second marriage to Nancy Grossman in 1946. Nancy Grossman Hart died 10/12/1981 still married. James W. Mays, Indep Exec one child: Nancy Love Hart residuary estate to The Hart Revocable Trust, Jack L. Hart and James W. Mays, Co-Trustees. |
| C26529 | OPR | | | Judgment | 7/22/2002 | 8/15/2018 | Dorcas Dowlen and Nancy Hart vs. James W. Mays and James W. (Jay) Mays, Jr. | Public | | Cause No. 01-05578d, Dallas County, TX Agreed Judgment appointing Sole Successor Trustee Gary Pickens |

File N. 13312 . Royalty Deed.

THE STATE OF TEXAS.
COUNTY OF TARRANT.    KNOW ALL MEN BY THESE PRESENTS:

That I, Paul Vitek , Trustee , of the County of Tarrant, State of Texas, have and by these presents do grant, bargain, sell  convey, set over and assign and deliver unto Mid-Tex company, Hubert Hoffman, Trustee, the following to-wit:

One sixty -fourth of the landowners One -eighth Royalty interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands situated in Winkler County, Texas, to-wit:

The  South three- fourths (S.3/4ths) of Section 6, Block B-6, and the North  half (N½)  and South-west quarter (SW¼)  of Section 16 Block B-6, Winkler County, Texas. together with the right of ingress and egress at all times for the purpose of mining, drilling and exploring said lands for oil, gas and other minerals, and removing the same therefrom.

The interest hereby conveyed is a royalty interest, included in and with the royalty under any lease now on said lands or any subsequent  lease given thereon.

This sale is made for and in consideration of the sum of Ten and no/100 , and other valuable considerations, dollars, cash in hand paid, the receipt of which  is hereby acknowledged.

TO HAVE AND TO HOLD, the above described property, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said Mid- Tex company heirs and assigns forever, and I do hereby bind myself, my eh heirs executors and administrators to warrant and forever defend all and singular the said property unto the said Mid-Tex company, their heirs and assigns against whomsoever lawfully claiming or to claim the same or any part thereof.

Witness my hand this, the 25th day of June, A. D.1929.

Paul Vitek

Trustee.

THE STATE OF TEXAS.
COUNTY OF TARRANT.   BE FORE ME , the undersigned authority, a Notary Public in and for said County and State on this day personally appeared Paul Vitek, Trustee, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 25th day of June A. D.1929.

(seal)                               E. W. Jackson Notary Public in and for

Tarrant County, State of Texas.

Filed for record this the 27th day of July 1929 at 1 oclock P.M.

Recorded this the 27th day of July 1929 at 3:30 oclock P.M.

W. E. Baird jr County Clerk,

BY_____ deputy.          Winkler County, Texas.

- - - - - - - - - - - - - - -

# Exhibit "B-2"

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

FILE NO. 13446.

ROYALTY DEED.

STATE OF TEXAS

COUNTY OF TARRANT     KNOW ALL MEN BY THESE PRESENTS:

That I, Paul Vitek, Trustee, of the County of Tarrant, State of Texas, have and by these presents do grant, bargain, sell, convey, set over and assign and delivery unto Mid Tex Company, Hubert Hoffman, Trustee, the following to-wit:

One sixty-fourth of the Landowners one-eighth royalty interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands situated in Winkler County, Texas, to-wit:

The South Three Fourths (S3/4ths) of sections 6,7,8, block B-6, and the North half (N½) and Southwest quarter (SW¼) of section 16, Block B-6, Winkler County, Texas.,

together with the right of ingress and egress at all times for the purpose of mining, drilling and exploring said lands for oil, gas and other minerals, and removing the same therefrom.

The interest hereby conveyed is a royalty interest, included in and with the royalty under any lease now on said lands or any subsequent lease given thereon.

This sale is made for and in consideration of the sum of Ten and no/100 ($10.00) dollars, and other valuable consideration, cash in hand paid, the receipt of which is hereby acknowledged.

TO HAVE AND TO HOLD THE above described property, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said Mid Tex Company heirs, and assigns forever, and I do hereby bind myself, my heirs, executors, and administrators to warrant and forever defend all and singular the said property unto the said Mid Tex Company, their heirs and assigns against whomsoever lawfully claiming or to claim the same or any part thereof.

Witness my hand this 31 day July, A.D. 1929

                 Paul Vitek, Tr.

                 Trustee.

STATE OF TEXAS

COUNTY OF TARRANT    Before me, the undersigned authority, a Notary Public in and for County of Tarrant, on this day personally appeared Paul Vitek, Trustee, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

Given under my hand and seal of office this 31 July, A.D. 1929.

                Arthur Heemann

(SEAL)             Notary Public Tarrant County Texas.

Filed for Record on the 3rd day of August , 1929 at 1 o'clock P.M.

Recorded on the 5th day of August, 1929 at 4:45 o'clock P.M.

W.E. Baird

County Clerk, Winkler County TEXAS

By_____Deputy.

* * * * * * * * * * * * * *

# Exhibit "B-3"

- - - - - - - - - - - - - -

File No 14375 Royalty Deed.

STATE OF TEXAS.

COUNTY OF TARRANT.   KNOW AL L MEN BY THESE PRESENTS:-

That I, Paul Vitek, Trustee, of the County of Tarrant, State of Texas, have and by these presents do grant, bargain, sell, convey, set over and assign and deliver unto Mid-Tex Company, Hubert Hoffman, Trustee, the following to-wit:

One Sixty-fourth of the landowners ' one eighth royalty interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands situated in Winkler County, Texas, to-wit:

The SouthThree Fourths (S 3/4ths) of Sections 6, 7, 8 Block B-6, and the North half (N1/2) and Southwest Quarter (SW¼) of Section 16, Block B-6, and Sections    12, 13, 18, and 19, Block B-6, Winkler County, Tex.

together with the right of ingress and egress at all times for the purpose of mining, drillling and exploring said lands for oil, gas and other minerals, and removing the same therefrom.

The   interest hereby conveyed is a royalty interest   included in and with the royalty under any lease now on said lands or any subsequent lease given thereon.

This sale is made for and in consideration of the sumof Ten and N⁰/100 ($10.00) dollars, and other valuable consideration, cash in hand paid, the receipt of which is hereby acknowledged.

To have and to hold, the above described property, together with all a ndsingular the rights and appurtenances thereto   in any wise belonging unto the said Mid-Tex company,   heirs, and assigns forever, and I do hereby bind  myself, my heirs, executors and administrators to warrantand forever defend all and singular the said property unto the said Mid-Tex company their heirs and assigns against whom-so-ever lawfully clai ming or to claim the same orany part thereof.

Witness my hand this 3rd day of Sept 1929

                                   Paul Vitek Trustee

                                   Paul Vitek Trustee.

STATE OF TEXAS.

COUNTY OF TARRANT. Before me, the undersigned authority, a Notary Public in and for

County of Tarrant, on this day personally appeared Paul Vitek Trustee, known to me to

be the person whose name is subscribed to the foregoing instrument, and acknowledged to

me that he executed the same for the purposes and consideration therein expressed,

and in the capacity therein stated .

Given under my hand and seal of office this 11th day of October A.D. 1929.

                                   D.M. Alexander Notary Public Tarrant

My commission expires June 1st, 1931      County, Tex

(seal)

Filed for record this the 18th day of Oct 1929 at 1 oclock P.M.

Recorded this the 19th day of Oct 1929 at 8:30 oclock A.M.

                         W.E. Berry, r. County Clerk,

BY_____Deputy.      Winkler County, Texas.

                - - - - - - - - -

# Exhibit "B-4"

---- - - - - - -

Ｆile N. 14064. Royalty Deed.

THE STATE OF TEXAS. }

COUNTY OF TARRANT. { KNOW ALL MEN BY THESE PRESENTS, That the Mid-Tex company, of which

Hubert Hoffman is the sole trustee, hereinafter called the Grantor , has and by these

presents does grant,bargain, sell, convey, set over, assign a nd deliver unto Wm J.

Gorndt, 4417 Fenwick Ave. S.W.Cleveland Ohio, hereinafter called the grantee, thef ollow-

ing to-wit:

1/64th of 1/8th of the landowners one eighth royalty interest in and to all of the oil,

gas and other minerals in and under and that may be produced from the following described·

lands, s ituated in Winkler County, Texas, to-wit:

The SE$\frac{1}{4}$ of the NW$\frac{1}{4}$ of Section 6, Block B-6, containing 40 acres.

Together with the right of ingress and egress at all times for the purpose of mining,

drilling and exploring said lands for oil, gas and other minerals and removing the same

therefrom.

The interest hereby assigned and conveyed is a royalty interest included in and with the royalty under any oil, gas and Mineral leases now on said land, or any subsequent lease or leases that may be given there on.

This sale is made for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration cash in hand paid, the receipt of which is hereby acknowledged and confessed.

To have and to hold the above described property, together with all and singular, the rights and appurtenances thereto in any wise belonging unto the said Wm J. Gorndt, heirs, administrators, executors or assigns forever. And we do hereby bind ourselves, our successors or assigns, to warrant and forever defend all and singular the said property unto the said Wm J. G orndt, heirs, executors, administrators and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

In Witness whereof, the undersigned grantor has caused these presents to be signed executed and delivered by Hubert Hoffman, and its seal to be hereunto affixed this the, 17th day of Sept A. D.1929

Mid-Tex company.

Hubert Hoffman.

corp seal.

THE STATE OF TEXAS.  
COUNTY OF TARRANT.

Before me, the undersigned authority, a Notary Public, in and for the County of Tarrant, State of Texas, on this day personally appeared Hubert Hoffman, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein recited.

Given under my hand and seal of office, this the 17th day of Sept A. D. 1929.

Bess Macdonald Notary Public for Tarrant County, Texas.

(seal)

Filed for record this the 25 thday of Sept 1929 at 1 oclock P .M.

Recorded this the 26th day of Sept 1929 at 9 oclock A.M.

W.E. Baird _____ County Clerk,

BY _____ DEPUTY.    Winkler county, Texas.

- - - - - - - - - - -

# Exhibit "B-5"

Royalty Deed   File No. 01537

THE STATE OF TEXAS          |

                      :    KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF TARRANT          |

  That the Mid-Tex Company, of which Hubert Hoffman is the sole trustee, hereinafter called the Grantor, has and by these presents does grant, bargain, sell, convey, set over, assign and deliver unto Mrs. Etta M. Fackler, 1023 Sycamore, Humboldt, Kansas, hereinafter called the Grantee. The following, to-wit:

1/64th of 1/8th of the Landowners One Eighth Royalty interest in and to all of the Oil, Gas and other minerals in and under and that may be produced from the following described lands, situated in Winkler County, Texas, to-wit:

The SE¼ of Section 6, Block B-6, containing 160 acres.

  Together with the right of ingress and egress at all times for the purpose of mining, drilling and exploring said lands for oil, gas and other minerals, and removing the same therefrom.

  The interest hereby assigned and conveyed is a Royalty Interest included in and with the Royalty under any Oil, Gas and Mineral leases now on said land, or any subsequent lease or leases that may be given thereon.

  This sale is made for and in consideration of the sum of (Forty Dollars ($40.00)) and

other good and valuable consideration cash in hand paid, the receipt of which is hereby acknowledged and confessed.

To have and to hold the above described property, together with all and singular, the rights and appurtenances thereto in any wise belonging unto the said Etta M. Fackler, heirs, administrators, executors, or assigns forever. And we do hereby bind ourselves, our successors or assigns to warrant and forever defend all and singular the said property unto the said Etta M. Fackler, heirs, executors, administrators and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

IN WITNESS WHEREOF, the undersigned grantor has caused these presents to be signed executed and delivered by Hubert Hoffman, and its seal to be hereunto affixed this, the 1st day of Oct A. D. 1929.

(Corp Seal)                 Mid-Tex Company

                                Hubert Hoffman

THE STATE OF TEXAS     {

COUNTY OF TARRANT     {

Before me, the undersigned authority, a Notary Public, in and for the County of Tarrant, State of Texas, on this day personally appeared Hubert Hoffman, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein recited.

Given under my hand and seal of office, this the 1st day of Oct A. D. 1929.

(Seal)                      Bess Macdonald Notary Public for Tarrant County, Texas.

Filed for record this 27 day of March 1933 at 1 o'clock P. M.

Recorded this 28 day of March 1933 at 9 o'clock A. M.

                       _W E Baird, Jr_____County Clerk,

             Winkler County, Texas.

- - - - -

# Exhibit "B-6"

File No. A-11178

ROYALTY DEED

STATE OF KANSAS     ⎰
                SS        KNOW ALL MEN BY THESE PRESENTS: .
COUNTY OF ALLEN    ⎱

That I, ETTA M. FACKLER, of the County of Allen, State of Kansas, have and by these presents do grant, bargain, sell, convey, set over and assign and deliver unto the CONTINENTAL AND GULF SYNDICATE, Ltd., of Lincoln, Nebraska, the following to-wit:

One sixty-fourth of 1/8 of the landowners' 1/8 royalty in andto all of the oil, gas and other minerals in and under and that may be produced from the following described lands situated in Winkler County, Texas, to-wit:

The SE¼ of Section 6, Block B-6, containing 160 acres.

An undivided 8/2000th interest of one half of one sixty-fourth (1/64th) of the landowner's one eighth (1/8th) Royalty Interest, in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands situated in Winkler County, Texas, to-wit:

The North one-half of Section 8, Block B-12, Winkler County, Public School Lands, containing 320 acres.

Section 8, Block B-3, Public School Lands, containing 320 acres.

Section 6, Block B-6, containing 160 acres.

including such royalty interest in and to all oil, gas and other minerals that may have been heretofore produced from said lands above described and accrued to the credit of the undersigned grantor since the first date of production, together with the right of ingress and egress at all times for the purpose of enjoying the mineral estate herein conveyed and removing the oil, gas and other minerals therefrom.

The interest hereby conveyed is a royalty interest, included in and with the royalty under any lease now on said lands or any subsequent lease given thereon.

This sale is made for and in consideration of the sum of One and no/100 Dollars, cash in hand paid, and other valuable considerations, the receipt of which is hereby acknowledged.

TO HAVE AND TO HOLD, the above described property, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said CONTINENTAL AND GULF SYNDICATE, Ltd., Ltd., its heirs, successors and assigns forever, and I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said property unto the said CONTINENTAL AND GULF SYNDICATE, Ltd., its heirs, successors and assigns against whomsoever lawfully claiming or to claim the same or any part thereof.

WITNESS my hand this, the 15th day of September, A.D., 1941.

Etta M. Fackler
(Etta M. Fackler)

STATE OF KANSAS     }
                  SS
COUNTY OF ALLEN     }

Before me, the undersigned authority, a Notary Public in and for said County and State, on this day personally appeared, ETTA M. FACKLER, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 15th day of September, 1941.

Hanna L. Woods
Notary Public, Allen County, Kansas

(Seal)

Commission expires August 9, 1944.

Filed for record this the 19th day of Sept. A. D. 1941 at 1 o'clock P.M.
Recorded this the 19th day of Sept. A.D.1941 at 3 o'clock P.M.

*Mrs. Floyd M. Ella* County Clerk,
Winkler County, Texas.

- - - - - - - -

# Exhibit "B-7"

- - - - - - - - - -

File No. A13086

ROYALTY DEED

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) SS | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF CUYAHOGA | ) | |

That I, WM. J. GORNDT, of the County of Cuyahoga, State of Ohio, have and by these presents do grant, bargain, sell, convey, set over and assign and deliver unto the CONTINENTAL & GULF SYNDICATE, Ltd., of Lincoln, Nebraska, the following, to-wit:

One sixty-fourth of 1/8 of the landowners' 1/8 royalty in and to all of the oil, gas and other minerals in and under and that may be produced from the following described land situated in Winkler County, Texas, to-wit:

The SE¼ of the NW¼ of Section 6, Block B-6, containing 40 acres.

An undivided forty acres interest in Six hundred Forty (640) acres described as Section 19, Block 40, Public School Land,

2560 acres out of the following Surveys:

1280 acres all of Surveys 1 & 10 Block B-10, Public School Land,

1280 acres all of Surveys 25 & 32, Block B-40, Public School Land;

An undivided 2 two-thousandths (2/2000th) interest of one-half of one sixty-fourth (1/64th) of landowners' 1/8th Royalty Interest, in and to all of the oil, gas and other minerals in and under may be produced from the following described lands situated in Winkler County, Texas, to-wit

The N½ of Section 8, Block B-12, Winkler County

Public School Lands, containing 320 acres; including such royalty interest in and to all oil, gas and other minerals that may have been heretofore produced from said lands above described and accrued to the credit of the undersigned grantor since the first day of production, together with the right of ingress and egress at all times for the purpose of enjoying the mineral estate herein conveyed and re_oving the oil gas and other minerals therefrom.

The interest hereby conveyed is a royalty interest, included in and with the royalty under any lease now on said lands or any subsequent lease given thereon.

This sale is made for and in consideration of the sum of One and no/100 Dollars, cash in hand paid, and other valuable considerations, the receipt of which is hereby acknowledged.

TO HAVE AND TO HOLD, the above described property, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said CONTINENTAL AND GULF SYNDICATE, Ltd., its heirs, successors and assigns forever, and I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said property unto the said CONTINENTAL AND GULF SYNDICATE, LTD., its heirs, successors and assigns against whomsoever lawfully claiming or to claim the same or any part thereof.

WITNESS my hand this, the 27 day of October, A. D., 1941.

William J. Gorndt

(Wm. J. Gorndt)

STATE OF OHIO )
) SS
COUNTY OF CUYHOGA )

Before me, the undersigned authroity, a Notary Public in and for said County and State, on this day personally appeared WM. J. GORNDT, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 27 day of Oct, 1941.

(Seal)                                          E. H. Kuehne

COMMISSION EXPIRES 11-8-41.                    NOTARY PUBLIC, CUYHOGA COUNTY, OHIO

L. H. KUEHNE, Notary Public

Filed for record the 12 day of April A. D. 1943 at 10 o'clock A. M.

Recorded this the 13 day of April A. D. 1943 at 3:40 o'clock P. M.

_____County Clerk,

Winkler County, Texas.

- - - - - - - - - - - --

**Deed Record 74 Page 576**

# Exhibit "B-8"

STATE OF TEXAS      §

COUNTY OF WINKLER   §

A N C I L L A R Y

R E C E I V E R ' S   D E E D

KNOW ALL MEN BY THESE PRESENTS: That the undersigned, herein called Grantor, for and in consideration of FIFTEEN HUNDRED DOLLARS ($1,500.00) cash and other good and valuable considerations in hand paid by H. D. MAHIN, of Midland, Texas, Grantee, receipt and sufficiency of which are hereby acknowledged, hereby GRANTS, SELLS, CONVEYS, ASSIGNS, TRANSFERS AND DELIVERS to Grantee the following property, to-wit:

> All of the Texas property of the CONTINENTAL AND GULF SYNDICATE, LTD., a limited partnership formed under the laws of the State of Nebraska, of whatsoever character (real, personal and mixed) and wherever situated in this State. Specifically, but not by way of limitation, this instrument shall operate as an assignment and transfer of all mineral and/or royalty interests in Texas owned by the said CONTINENTAL AND GULF SYNDICATE, LTD., and all claims owned by said Syndicate with reference to such mineral and/or royalty interests.

Grantee by acceptance of this instrument specifically agrees to take the herein conveyed and assigned property subject to all claims, if any, such as delinquent taxes; this instrument being made without any warranty whatsoever except that the Grantor has not previously sold nor encumbered the above described property nor impaired the title thereto.

This instrument is executed pursuant to the "Order Authorizing Sale of Property by Ancillary Receiver" signed April 13, 1964, by the District Court of Winkler County, Texas, in Cause 6923 styled Rollin R. Bailey v. Continental and Gulf Syndicate, Ltd., a limited partnership, Et al, and is subject to confirmation by said Court.

As additional consideration, above described, Grantee has agreed to pay all costs of this Ancillary Receivership in Texas.

TO HAVE AND TO HOLD the above described property, together with all and singular the rights, privileges and appurtenances thereunto in anywise belonging unto Grantee, his successors and assigns forever.

EXECUTED this 15th day of May, 1964.

*Jack L. Hart*

Jack L. Hart, Ancillary Receiver in Texas for the Continental and Gulf Syndicate, Ltd.

STATE OF TEXAS      §

COUNTY OF MIDLAND   §

BEFORE ME, the undersigned authority, on this day personally appeared JACK L. HART, Ancillary Receiver in Texas for the Continental and Gulf Syndicate, Ltd., known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, this 15 day of May, 1964.

*Martha Lee Beight*

Notary Public in and for Midland County, Texas

File No. A68554    VOL **201** PAGE **479**

STATE OF TEXAS }
                  KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF WINKLER }

      That the undersigned, herein called Grantor, for and in con-
sideration of TEN DOLLARS ($10.00) cash and other good and valu-
able considerations in hand paid by RICHARD W. PAULEY of Harlan,
Iowa, Grantee, receipt and sufficiency of which considerations
are hereby acknowledged, does hereby GRANT, SELL, CONVEY, ASSIGN,
TRANSFER and DELIVER to Grantee the following described property,
to-wit:

          An undivided one-half (1/2) of all the property (real,
      personal and mixed) conveyed to H. D. MAHIN by JACK L.
      HART, Ancillary Receiver in Texas for the Continental
      and Gulf Syndicate, Ltd., by deed dated May 15, 1964,
      recorded in Vol. 201, Page 417 of the Deed Records of
      Winkler County, Texas, to which deed as recorded refer-
      ence is here made for all purposes.

      Grantee by acceptance of this instrument specifically agrees
to take the herein conveyed and assigned property subject to his
pro rata share of outstanding claims, if any, against said pro-
perty, SAVE AND EXCEPT that the interest retained by Grantor
shall remain liable for all delinquent taxes, if any, against
said property and also for all costs of the Ancillary Receivership
in Texas for the Continental and Gulf Syndicate, Ltd.

      Grantee by acceptance of this instrument specifically agrees
that this instrument is made without any warranty whatsoever ex-
cept that Grantor has no previously sold nor encumbered the
property herein conveyed and assigned nor impaired the title
thereto; and further that all the right, title, interest, estate
and claims of Grantor in the above described property are derived
under and by virtue of the above described deed, dated May 15,
1964, from JACK L. HART, Ancillary Receiver, to H. D. MAHIN,
which deed is subject to confirmation by the District Court of
Winkler County, Texas, in Cause 6923, styled Rollin R. Bailey v.
Continental and Gulf Syndicate, Ltd., Et al. If for any reason
the above described deed from the Ancillary Receiver is not con-
firmed by the Court, then and in that event this instrument shall
be null and void, and Grantor herein shall restore to Grantee the
consideration paid for this instrument.

      TO HAVE AND TO HOLD the property herein conveyed and assigned
together with all and singular the rights, privileges and appur-
tenances thereunto in anywise belonging unto Grantee, his succes-
sors and assigns forever.

      EXECUTED this 16th day of May, 1964.

                            *H. D. Mahin*
                            H. D. Mahin

THE STATE OF TEXAS }
COUNTY OF MIDLAND }

      BEFORE ME, the undersigned authority, on this day personally
appeared H. D. MAHIN, known to me to be the person whose name is
subscribed to the foregoing instrument, and acknowledged to me
that he executed the same for the purposes and consideration
therein expressed.

      GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 16th day of
May, 1964.

                     *Monta Lee Beightle*
                     Notary Public in and for Midland
                     County, Texas

FILED FOR RECORD

A68554

# Exhibit "B-10"

STATE OF TEXAS }  
COUNTY OF WINKLER }

FILE NO. A69402

KNOW ALL MEN BY THESE PRESENTS:

That the undersigned, herein called Grantor, for and in consideration of TEN DOLLARS ($10.00) cash and other good and valuable considerations in hand paid by ROYALTY ROUNDUP, INC., herein called Grantee, receipt and sufficiency of which considerations are hereby acknowledged, does hereby GRANT, SELL, CONVEY, ASSIGN, TRANSFER and DELIVER to Grantee the following described property, to-wit:

An undivided one-half (1/2) of all the property (real, personal and mixed) conveyed to H.D. MAHIN by JACK L. HART, Ancillary Receiver in Texas for the Continental and Gulf Syndicate, Ltd., by deed dated May 15, 1964, recorded in Vol. 201, Page 417 of the Deed Records of Winkler County, Texas, to which deed as recorded reference is here made for all purposes.

Grantee by acceptance of this instrument specifically agrees to take the herein conveyed and assigned property subject to its pro rata share of outstanding claims, if any, against said property, EXCEPT that the interest of Grantee herein shall be subject to all delinquent taxes to date against all of the property conveyed to H.D. MAHIN by the above described deed.

Grantee by acceptance of this instrument specifically agrees that this instrument is made without any warranty whatsoever except that Grantor has not previously sold nor encumbered the property herein conveyed and assigned, nor impaired the title thereto; and further that all the right, title, interest, estate and claims of Grantor in the above described property are derived under and by virtue of the above described deed, dated May 15, 1964, from JACK L. HART, Ancillary Receiver, to H.D. MAHIN, which deed has now been confirmed by the District Court of Winkler County, Texas, in Cause No. 6923, styled Rollin R. Bailey v. Continental and Gulf Syndicate, Ltd., et al.

TO HAVE AND TO HOLD the property herein conveyed and assigned, together with all and singular the rights, privileges and appurtenances thereunto in anywise belonging unto Grantee, its successors and assigns forever.

EXECUTED this 21st day of September, 1964, but effective as to any accrued royalties and all other claims from date of last payment or first run, whichever is applicable.

_____
H.D. MAHIN

STATE OF TEXAS }  
COUNTY OF MIDLAND }

BEFORE ME, the undersigned authority, on this day personally appeared H.D. MAHIN, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 21st day of September, 1964.

_____
Notary Public in and for Midland County, Texas. JEANETTE PETHOFF, Notary Public in and for Midland Co. Midland, Texas

FILED FOR RECORD

This 24 day of ____ 196_ at 3:00 o'clock ___ M.  
_____  
County Clerk, Winkler County, Texas

FILE NO. B19194

### FILED

NO. 6743

### LAST WILL AND TESTAMENT
### OF
### NANCY HART

OCT 15 1961

*Roserelle Cherry*
Clerk County Court ~~~ and County, ~~~
By *Ruth Moore* Deputy

I, Nancy Hart of Midland, Midland County, Texas, being of good health and sound and disposing mind and memory, do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking all other and former Wills and Codicils by me at any time made, intending hereby to dispose of all of my separate property and all of my share of the community property belonging to me and my husband, Jack L. Hart.

### ARTICLE I

I declare that I am now married to Jack L. Hart, hereinafter sometimes referred to as "my husband"; that at the present time one child has been born to this marriage, namely, Nancy Love Hart, born November 16, 1954; and that I have never adopted any child or children.

### ARTICLE II

I order and direct that all inheritance and estate taxes becoming due by reason of my death shall be paid by my executor, hereinafter named, out of the property passing under this Will, and as an expense and cost of administering my estate, and before distribution thereof, if possible. My Executor shall have no duty or obligation to obtain reimbursement for any such tax paid by him even though on proceeds of insurance or other property not passing under this Will.

### ARTICLE III

All of the rest, residue and remainder of my separate property and of my share of the aforesaid community property, real, personal or mixed of whatsoever character and wheresoever situated, of which I may die seized or possessed, or which I may own or have any interest in, at the time of my death, I give, devise and bequeath as follows:

A. All of the rest, residue and remainder of my share of the aforesaid community property, I give, devise and bequeath to my husband, Jack L. Hart, if he shall survive me for a period of ninety (90) days, and if he shall not so survive me, such property shall be added to and become a part of the property hereinafter given, devised and bequeathed to the Trustee named in, and subject to all of the terms and provisions of, succeeding Paragraph B of this ARTICLE III.

B. All of the rest, residue and remainder of my aforesaid separate property I give, devise and bequeath to The First National Bank of Midland, Midland, Texas, as Trustee, and in trust nevertheless, to hold, manage and distribute as a Trust Estate upon the following terms and conditions:

    1. The Trustee shall divide the Trust Estate into separate shares of equal value, creating one such separate

share for each child of mine who is ther. living and creating one such separate share for the benefit of the lawful descendants, collectively, of each child of mine who is then deceased, leaving one or more lawful descendants then living. Each such separate share shall be held, managed and distributed as a separate Trust according to the terms and provisions hereof.

2. During the lifetime of my said husband, Jack L. Hart, the Trustee shall pay to any one or more of the members from time to time living of a class composed of my said husband, the child of mine in respect of whom a separate share was set aside as hereinabove provided and which share is being held in trust hereunder, and the lawful descendants of such child, so much or all of the net income or principal of such child's separate share as the Trustee, in its sole judgment and discretion, shall deem necessary or advisable for the best interests of the members of such class, taking into consideration all other income and resources known to such Trustee to be available to each member of such class and considering the best interests of all of them as a family group with full power to exclude any one or more of them and without being required to equalize the payments made from time to time hereunder. All of the net income for each fiscal year not distributed prior to the last day of such year shall then be added to and become a part of the principal of such separate share and shall be subject to all of the terms and conditions then and thereafter pertaining thereto.

3. From and after the death of my said husband, or from and after my death if he shall have predeceased me, the Trustee shall pay the net income and principal of each separate share then held in trust hereunder for the primary benefit of a child of mine to any one or more members from time to time living of a class composed of the child of mine in respect of whom a separate share was set aside and the lawful descendants of such child in the same manner, for the same purposes, and upon the same terms and conditions as provided in preceding Sub-paragraph 1 of this Paragraph B so long as such child shall live.

4. Each child of mine shall have the right to withdraw one-half (1/2) of the principal of his or her separate share at any time and from time to time after the death of my said husband, or after my death if he shall have predeceased me, and after he or she shall have attained the age of Twenty-five (25) years and upon the following terms and conditions:

    (a) Not more than one-fourth (1/4) of the principal of such share may be withdrawn before he or she shall have attained the age of thirty (30) years;

    (b) Not more than one-half (1/2) of the principal of such share may be withdrawn after he or she shall have attained the age of thirty (30) years;

    (c) All withdrawals shall be made by written instrument delivered to the Trustee during the lifetime

-2-

of such child and after the right to make the withdrawal has accrued. The amount subject to withdrawal at any time shall be based upon the value of his or her separate share as of the date the withdrawal is requested plus all previous withdrawals, if any, valued as of the date of each such withdrawal.

5. Upon the death of the survivor of my said husband and a child of mine in respect of whom a separate share was set aside as hereinabove provided, the Trustee shall pay and distribute all of the principal and the accrued, accumulated and unpaid net income of such child's separate share then remaining to or for the benefit of the then living lawful descendants of such child, per stirpes, or, if none, then to my then living lawful descendants, per stirpes, or, if none, then:

    (a) All of the aforesaid separate property and the proceeds of the investment and reinvestment thereof then remaining and the accrued, accumulated and unpaid net income attributable thereto shall be paid and distributed to my then living lawful heirs;

    (b) All of the aforesaid community property and the proceeds of the investment and reinvestment thereof then remaining and the accrued, accumulated and unpaid net income attributable thereto shall be paid and distributed as follows:

        (1) One-half (1/2) thereof shall be paid and distributed to my then living lawful heirs; and

        (2) The remaining one-half (1/2) thereof shall be paid and distributed to the then living lawful heirs of my said husband;

such heirs and their respective interests to be determined according to the laws of the State of Texas pertaining to the descent and distribution of intestate property in effect on the date of the death of the survivor of my said husband and such child, provided, however, that if the Trustee is then holding a separate share or portion thereof in trust hereunder for the primary use and benefit of any child of mine, such child's share of such principal shall be added to the principal of such child's separate share or portion thereof and such child's share of such income shall be added to the income of such child's separate share or portion thereof and shall be subject to all of the terms and conditions then and thereafter pertaining thereto.

6. If any separate share shall be set aside for the benefit of the descendants, collectively, of a deceased child of mine, as provided in preceding Paragraph A of this Article, then, during the lifetime of my said husband, the Trustee shall pay the net income and principal of each such share to any one or more of the members from time to time living of a class composed of my said husband and such descendants in the same

-3-

manner, for the same purposes, and upon the same terms and conditions as provided in preceding Sub-paragraph 2 of this Paragraph B.

7. Upon the death of my said husband, or upon my death if he shall have predeceased me, the Trustee shall pay and distribute each shares so set aside for the benefit of the descendants of a deceased child of mine to such descendants, per stirpes, or, if none, then to my then living lawful heirs and to the then living lawful heirs of my husband in such manner and proportions and in accordance with the terms and provisions of Sub-paragraph (b) of preceding Sub-paragraph 5 of this Paragraph B; such heirs to be determined according to the laws of the State of Texas pertaining to the descent and distribution of intestate property in effect on the date herein established for such distribution.

8. Anything herein provided to the contrary notwithstanding, if under preceding Sub-paragraph 5 or 7 of this Article any portion of the principal and accrued, accumulated or unpaid net income of any separate share or portion thereof shall become payable and distributable to any descendant of a deceased child of mine who is then less than twenty-one (21) years of age, such portion shall immediately vest in such descendant but it shall continue to be held in trust hereunder and distribution thereof shall be postponed by the Trustee until such descendant attains the age of twenty-one (21) years, and in the meantime the Trustee shall pay and distribute the net income of such portion to, or apply it for the benefit of, such descendant.

## ARTICLE IV

The provisions herein contained for the distribution of the income and principal of the Trust Estate and of each and every share and portion thereof shall be supplemented by and, when necessary, shall be subject to the following:

A. The income payments provided for hereunder shall only be made when and as such income, after it shall have accrued, shall be in the possession of the Trustee for payment and no disposition, charge or encumbrance of such income or of the principal of the Trust Estate, or of any part thereof, by any beneficiary hereunder by way of anticipation shall be of any validity or legal effect or be in anywise regarded by the Trustee, and no such income or principal, or any part thereof, shall in anywise be liable to any claim of any creditor of any such beneficiary.

B. Upon the death of any beneficiary, any accrued, accumulated or unpaid net income which would have been payable to such beneficiary had such beneficiary lived, shall be paid as income to the next beneficiary succeeding in interest.

C. If, at any time or from time to time, in the sole judgment of the Trustee, the aggregate of the income payable hereunder and accruing from all other sources known to the Trustee to any beneficiary hereunder shall be insufficient to provide for his or her

-4-

suitable care, maintenance, education and medical attention (including hospitalization, institutional and nursing care), the Trustee, in its sole discretion, may pay to or apply for the benefit of such beneficiary for such purpose a portion of the principal then held in trust hereunder for the benefit of such beneficiary.

D. Whenever and as often as any beneficiary to whom payments are herein directed to be made shall be under a legal disability, or, in the sole judgment of the Trustee, shall otherwise be unable to apply such payments to his or her own best interest and advantage, the Trustee may make all or any portion of such payments in any one or more of the following ways:

1. Directly to such beneficiary;
2. To the legal guardian or other representative of such beneficiary;
3. To a relative of such beneficiary to be expended by such relative for the benefit of such beneficiary; or
4. By itself expending same for the benefit of such beneficiary;

and, if, in the sole judgment of the Trustee, such payments shall be more than sufficient to provide for the suitable care, maintenance, education and medical attention of such beneficiary, the Trustee, in its sole discretion, may withhold all such amounts which, in its judgment, are not required for such purposes, and in the case of income so held, shall add it to the principal from which it was derived. The decision of the Trustee in each such case shall be final and binding upon all beneficiaries hereunder.

E. Each and every trust, if any, still in existence on the day twenty-one (21) years after the death of the last to survive of myself and of all the beneficiaries herein named or described who are living at the time of my death shall forthwith terminate, and the Trustee shall pay and distribute such Trust or part thereof to the then income beneficiary thereof. If there shall be more than one income beneficiary, then such distribution shall be made to such beneficiaries in the proportions in which they are entitled to receive such income.

F. The words "child", "descendant", or the plural thereof, as used herein shall include for purposes of any distribution hereunder any legally adopted child of mine and any legally adopted children of any child of mine.

ARTICLE V

In the investment, management and distribution of the Trust Estate and each separate share or portion, the Trustee shall have, and is hereby given, all of the rights, powers, discretions and privileges granted to or conferred upon trustees by and under the provisions of the Texas Trust Act as the same is now constituted or may hereafter be amended, EXCEPT that no Trustee at any time acting hereunder shall be required to give bond or other security to anyone in any amount for the faithful performance

-5-

of its duties as such Trustee. The Trustee shall, in addition to such powers and authorities, have full power and authority:

A.    To retain all or any of the property given, bequeathed, devised, assigned, transferred, conveyed and delivered to, and otherwise acquired by, the Trustee as long as it shall deem wise;

B.    To sell, exchange, transfer, assign, convey, pledge, mortgage, or otherwise encumber and lease trust property or any part thereof or interest therein upon such terms and conditions as the Trustee shall deem wise, expressly including the right to grant or take leases of real property for any term of years and of all rights and privileges above or below the surface of real property for any term or terms, including exploration for and removal of oil, gas and other minerals, and further including the right to contract for the joint exploration and development of the trust property with other properties, and otherwise contract with reference to oil, gas and other minerals or natural resources, and mineral rights and mineral royalties, which may become a part of any Trust Estate or separate share or portion thereof, upon such terms and conditions, and for such royalties, rents, benefits and consideration as the Trustee may deem to be to the best interest of the Trust Estate or any separate share or portion thereof;

C.    To borrow money from any source (including the commercial banking department of the Trustee) for any purpose connected with the protection, preservation, development or improvement of the Trust Estate or any part thereof whenever, in the sole judgment of the Trustee, such is desirable or advisable, and, as security therefor, to mortgage, pledge or otherwise encumber any or all of the property held in trust hereunder upon such terms and conditions as the Trustee may deem desirable or advisable and to repay the same and the interest thereon out of either income or principal of such Trust Estate or separate share or portion thereof;

D.    To collect all sums and property at any time due and owing and belonging to any Trust Estate or any separate share and to give full discharge therefor;

E.    To hold, pending payment of expenses or obligations of any Trust Estate or distribution, any and all sums of cash at any time subject to the terms hereof either invested or uninvested or on deposit in any bank or savings and loan association (including the banking department of the Trustee) or elsewhere, as the Trustee may elect, and the Trustee shall not be required to pay, or obtain the payment of, any interest on any such cash balances so held by it;

F.    To consult with and employ suitable agents, custodians, accountants and counsel;

G.    To pay all costs, taxes, expenses and charges incurred in connection with the administration of the Trust Estate, including reasonable compensation to the Trustee and to the counsel and agents of the Trustee;

-6-

H.   To buy and borrow from and sell and lend to, and otherwise deal with itself as Trustee of any Trust hereunder or of any trust under any other instrument;

I.   To make, execute and deliver any and all instruments and to perform all other acts that may be necessary or advisable for carrying out any of the above powers or those considered incident to the purposes of any said trust;

J.   Persons dealing with the Trustee need not inquire as to the application of any money or property paid or delivered to the Trustee, or the authority of the Trustee to effect any transaction upon such terms as the Trustee may determine.

### ARTICLE VI

A.   If my said husband, Jack L. Hart, shall be living at the time of my death and shall signify his acceptance of the trusts herein created by written instrument delivered to the Trustee herein within a period of one (1) year thereafter, he shall thereupon become a Trustee hereunder and shall thereafter, and until his death, resignation or other inability to act, share jointly with said The First National Bank of Midland, Midland, Texas, or its successor, all of the titles, powers, duties and discretions conferred or imposed upon said The First National Bank of Midland, Midland, Texas, or its successors hereunder; provided, however, that during the time my said husband shall be acting as one of the Trustees hereunder:

1.   The First National Bank of Midland, Midland, Texas, or its successor, as Trustee, shall have the sole custody of all money and securities constituting the corpus of any trust created hereunder; and

2.   All discretionary powers granted hereunder to the Trustee with respect to the payment, distribution and accumulation of income or principal and the allocation of receipts, disbursements, expenses, charges and losses between such principal and income shall be vested in and exercised only by said The First National Bank of Midland, Midland, Texas, or its successor.

B.   My said husband shall have the right at any time and from time to time to remove any corporate Trustee at any time acting hereunder by instrument in writing delivered to such corporate Trustee and may, without any liability whatsoever to any present or future beneficiary hereunder, approve the accounts of, and give a full and complete release and discharge to, any removed corporate Trustee; provided, however, that immediately upon the removal of any corporate Trustee as herein provided, my said husband shall appoint any bank or trust company, wherever situate, having a combined capital and surplus of not less than One Million Dollars ($1,000,000.00), successor corporate Trustee hereunder.

C.   At any time and from time to time during the period that he may be acting as one of the Trustees hereunder, my said husband may, by written, revocable power of attorney, delegate

-7-

to said The First National Bank of Midland, Midland, Texas, or
its successor, the complete exercise of all or any of his rights,
powers, duties and discretions as such Trustee.

D.   All persons dealing with the Trustee may rely upon the
statement of the said The First National Bank of Midland, Midland,
Texas, or its successor, as to whether or not it is then acting
as sole Trustee hereunder.

## ARTICLE VII

A.   Any Trustee at any time acting hereunder may resign by
delivering his or its written resignation to his or its co-trustee,
or if none, to a majority of the adult and otherwise legally
competent beneficiaries who may be entitled to receive payments
of income hereunder, or if none, then to the person who is then
acting as Judge of the County Court of Midland County, Texas.
Such co-trustee or the person or persons to whom the resignation
of any trustee is delivered, may, without any liability to any
present or future beneficiary hereunder, approve the accounts of
and give a full and complete release and discharge to any resigning
Trustee hereunder, or to the legal representative of any deceased
or incompetent individual Trustee.

B.   Upon the death, resignation or other inability of my
said husband, Jack L. Hart, to act as one of the Trustees here-
under, no successor Trustee shall be appointed to act in his
place and stead.

C.   Immediately upon the acceptance of the resignation of
any corporate Trustee, the person or persons accepting the same
shall appoint any bank or trust company, wherever situate, hav-
ing a combined capital and surplus of not less than One Million
Dollars ($1,000,000.00), as successor corporate Trustee here-
under.

## ARTICLE VIII

A.   I hereby nominate and appoint my said husband, Jack L.
Hart, as Independent Executor hereunder and direct that no
action be had in the County Court in relation to the settlement
of my estate other than the probating and recording of this will
and the return of statutory inventory, appraisement and list of
claims of my estate.

B.   In the event of the death, resignation, refusal or other
inability of my said husband to act as Independent Executor here-
under, then I herey nominate and appoint The First National Bank
of Midland, Midland, Texas, as Successor Independent Executor
hereunder to act in his place and stead.

C.   I hereby give to my said Executor full power and author-
ity at any time or times to sell and convey, mortgage, pledge,
exchange, lease, and lease for oil, gas and other minerals, or
otherwise deal with or dispose of the property comprising my
estate upon such terms as it shall deem best: to collect all
sums and any and all property of whatsoever kind and nature due

-8-

or owing and belonging to my estate and to give full discharge
therefor; to settle and compound any and all claims in favor of or
against my estate as it shall deem advisable; and to exercise
any and all conversions, subscriptions, voting and other rights,
privileges, elections and options pertaining to any property
and to receive any property that may be acquired as the result
of the exercise of any such rights, privileges, elections or
options; and for any of the foregoing purposes to make, execute
and deliver any and all deeds, contracts, mortgages, bills of
sale or other instruments necessary or desirable therefor. My
Executor is expressly authorized to postpone final distribution
of my estate pending the final determination of all tax liabilities
in connection therewith. The foregoing powers granted to my
Executor shall be in addition to any authority conferred upon
executors by law, and all powers may be exercised or performed
by my Executor without securing an order of Court either prior
to or after the exercise of any such powers.

C.   No Executor at any time acting hereunder shall be re-
quired to give bond or other security to anyone in any amount for
the faithful performance of its duties as such Executor.

### ARTICLE IX

Each successor Executor and Trustee at any time acting here-
under shall have all of the same titles, rights, powers, discre-
tions, privileges and immunities and shall be subject to all of
the duties and responsibilities herein conferred or imposed upon
the Executor and Trustee hereinabove named.

No successor Executor or Trustee shall be liable for any
acts or defaults of any predecessor Executor or Trustee or for
any costs or expenses resulting from or occasioned by anything
done or neglected to be done by a predecessor Trustee in the
administration of my estate or any Trust created hereunder prior
to becoming an Executor or a Trustee, nor be required to inquire
into or to take any notice of the prior administration of my
estate or the Trust Estate.

### ARTICLE X

In the event that my said husband, Jack L. Hart, and I shall
die at the same time or under such circumstances that it cannot
be readily and easily determined which of us died first, or die
in a common accident or disaster, or are dead when found, then
in such events it shall be presumed that he predeceased me and
this presumption shall apply throughout this will.

IN WITNESS WHEREOF, I hereby make, publish and declare this
to be my Last Will and Testament, hereunto signing and subscrib-
ing my name this 9ᵗʰ day of _____, 1963, in the presence
of the undersigned witnesses who attest the same at my request
and in my presence.

_Nancy Hart_
Nancy Hart

-9-

We, the undersigned, declare that each of us is over the age of twenty-one (21) years and hereby certify that the foregoing instrument was on the day of the date thereof published and declared by Nancy Hart, the Testatrix, as and for her Last Will and Testament, and signed and subscribed by her in our presence, and we, in her presence and in the presence of each other, sign and subscribe our names as attesting witnesses to the execution thereof the day and year above written.

| | |
|---|---|
| _Witness_ | YVONNE D. DOTY |
| _Witness_ | CAROL WICKER |

THE STATE OF TEXAS  X
COUNTY OF MIDLAND  X

BEFORE ME, the undersigned authority, on this day personally appeared NANCY HART, _____YVONNE D. DOTY_____ and __CAROL WICKER__ , known to me to be the Testatrix and witnesses, respectively, whose names are subscribed to the foregoing instrument in their respective capacities, and all of said persons being by me duly sworn, the said Nancy Hart, Testatrix, declared to me and to said witnesses in my presence that said instrument is her Last Will and Testament, and that she had willingly made and executed it as her free act and deed for the purposes therein expressed; and the witnesses, each on his oath stated to me, in the presence and hearing of said Testatrix, that the said Testatrix had declared to them that said instrument is her Last Will and Testament and that she executed the same as such and wanted each of them to sign as witnesses; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of said Testatrix and at her request; that she was at that time nineteen (19) years of age or over and was of sound mind; and that each of said witnesses was then at least fourteen (14) years of age.

| |
|---|
| Nancy Hart |
| TESTATRIX. |

| |
|---|
| YVONNE D. DOTY |
| CAROL WICKER |
| WITNESSES. |

-10-

SUBSCRIBED AND ACKNOWLEDGED BEFORE ME by the said Nancy Hart,
Testatrix, and subscribed and sworn to before me by the said
_____YVONNE D. DOTY_____ and _____CAROL WICKER_____,
witnesses, this 2" day of _____August_____, 1963.

_____ROBERT K. HUDSON_____
Notary Public in and for the State
of Texas, County of Midland.

-11-

FILED

NO. 6743

Rosemelle Cherry
Clerk, County Court, Midland County, Texas
By Ruth Moore, Deputy

| | | |
|---|---|---|
| ESTATE OF | ) | IN THE COUNTY COURT |
| NANCY HART, | ) | OF |
| DECEASED | ) | MIDLAND COUNTY, TEXAS |

## ORDER PROBATING WILL AND
## APPOINTING INDEPENDENT EXECUTOR

On this 2nd day of November, 1981, came on to be heard the written application of Jack L. Hart, a resident of Midland County, Texas, for the probate of an instrument in writing dated August 9, 1963, and now produced in court, having been filed herein with said application on the 15th day of October, 1981, purporting and alleged to be the Last Will of Nancy Hart, deceased, which said application was also for Letters Testamentary, and due proof being taken in the manner required by law, and it appearing to the satisfaction of the Court that this Court has jurisdiction and venue over this estate, proceeding and subject matter, and that every citation and notice required by law has been duly issued, served and returned in the manner and for the length of time required by law, and it being proved to the satisfaction of the Court that the testatrix, Nancy Hart, at the time of execution of said will was above the age of 21 years, was of sound mind, and that she died on the 12th day of October, 1981, at Midland, Midland County, Texas; that at and prior to her death she resided and had her domicile in Midland County, Texas; that the testatrix executed the said will with all the formalities and solemnities and under the circumstances required by law to make the same a valid will; that the will has not been revoked by the testatrix and that it is entitled to probate; and

Recorded v. 145 461

It further appearing that the applicant, Jack L. Hart, is named in said Will as Independent Executor without bond, that he is entitled to letters, is willing to accept the trust and to qualify according to law, and is in nowise disqualified from accepting letters, that four (4) years have not elapsed since the death of the said Nancy Hart, and that her Will provides that no action be had in the probate court relative to the administration of her estate other than the probate and recording of her Will and the return of an inventory, appraisement and list of claims of said estate;

It is, therefore, accordingly, ORDERED, ADJUDGED AND DECREED that the said Will on file herein be, and the same is admitted to probate and record as the Last Will and Testament of Nancy Hart, deceased, and that such will, together with the application for probate thereof, and all the testimony given in this proceeding shall be recorded in the minutes of this Court;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Jack L. Hart, the applicant herein, receive letters testamentary upon taking the oath required by law, he being exempt from any bond or security, and when the applicant shall have qualified according to law, the clerk of this court shall issue letters in accordance with this decree and the law.

*William B. Alder*
Judge of the County Court of
Midland County, Texas

-2-

THE STATE OF TEXAS  X

COUNTY OF MIDLAND  X

    I, ROSENELLE CHERRY, Clerk of the County Court in and for Midland

County, Texas, do hereby certify that the above and foregoing is a full, true

and correct copy of the following papers filed in CAUSE NO. ____6743____.

in the Matter of the Estate of ____NANCY HART. Deceased____

---

as the same appears on file in this office and duly recorded in the Probate

Minutes of Midland County, Texas, to-wit:

1.  LAST WILL AND TESTAMENT OF NANCY
    HART                                           VOLUME 145, PAGE 447

2.  ORDER PROBATING WILL AND APPOINTING
    INDEPENDENT EXECUTOR                 VOLUME 145, PAGE 461

    GIVEN UNDER MY HAND AND SEAL OF OFFICE on this the __24th__

day of ____SEPTEMBER____ A. D. _1982_ .

                    ROSENELLE CHERRY, Clerk, County Court,

                    MIDLAND COUNTY, TEXAS

                    By: *Ruth Sloan*       Deputy
                        Ruth Sloan

$ 22.00

FILE NO. B19194

FILED FOR RECORD

FILE NO. B19734

RECOGNITION OF PERMANENT FORFEITURE OF CHARTER

The Coldwater Corporation was a corporation incorporated under the laws of the State of Texas on April 12, 1965. Its charter was forfeited by the Secretary of State on June 25, 1969, pursuant to the franchise tax provisions of the Texas Revised Civil Statutes.

At the time of such forfeiture, Jack L. Hart and wife, Nancy G. Hart, (also known as Nancy Hart and Nancy Grossman Hart), were the sole officers, directors and shareholders of The Coldwater Corporation. Nancy G. Hart died on October 12, 1981, and under the terms of her will, Jack L. Hart acquired all interest in the assets of said corporation owned by her. At all times from the date of forfeiture until the death of Nancy G. Hart, Jack L. Hart and Nancy G. Hart treated the assets of said corporation as being owned by them personally and Jack L. Hart has continued to treat such assets as being owned by him personally since her death. No applications for reinstatement have been filed on behalf of said corporation at any time nor will any be filed hereafter.

As sole successor in title and interest to all properties and interests owned or claimed by The Coldwater Corporation, I do hereby ratify, adopt and confirm any and all instruments executed on behalf of that corporation by Jack L. Hart and Nancy Hart (Nancy G. Hart), or either of them.

Jack L. Hart renounces any right to have the charter of The Coldwater Corporation revived and hereby recognizes and confirms forfeiture of the charter of such corporation by the Secretary of State as being final and permanent.

All persons, firms, corporations, and governmental agencies are entitled to and are requested to rely upon this instrument for all purposes.

Jack L. Hart

THE STATE OF TEXAS )
COUNTY OF MIDLAND )

This instrument was subscribed and acknowledged before me by JACK L. HART, who after being by me duly sworn stated that the matters therein stated are true and correct. Dated: September 30, 1982.

Ellen M. House
Notary Public in and for the State of Texas

My Commission Expires:

Ellen M. House
Notary Public in and for
Midland County, Texas
Commission Expires
11-17-84

VOL 328 PAGE 566



# The State of Texas

### SECRETARY OF STATE

IT IS HEREBY CERTIFIED THAT

according to the records of this office

THE COLDWATER CORPORATION

was incorporated under the laws of the State of Texas on

April 12, 1965;

and thereafter the charter of said corporation was

forfeited by the Secretary of State on

June 25, 1969;

pursuant to the taxation provisions of the

TEXAS REVISED CIVIL STATUTES.

I DO FURTHER CERTIFY that no application for reinstatement

has been filed in this office for said corporation

as of this date.

*IN TESTIMONY WHEREOF, I have hereunto signed my name officially and caused to be impressed hereon the Seal of State at my office in the City of Austin, this*

.15th. *day of* ......June............... *A. D. 19* 82 ..

David A. Dean

*Secretary of State*

dem



$5.00

FILE NO. B19734

FILED FOR RECORD



Jack L. Short
P.O. Box 5165
Midland, Tx. 79704

## B44950

### CORRECTION GENERAL CONVEYANCE

STATE OF TEXAS

COUNTY OF MIDLAND

RECITALS are made as follows:

1. This Correction General Conveyance is in correction of, and upon execution shall completely supplant, that unrecorded Memorandum of Conveyance dated August 29, 1990, from Jack L. Hart (SSN 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), P. O. Box 5605, Midland, TX 79704-5605, as Settlor, to The Hart Revocable Trust, as Grantee.

2. Jack L. Hart married Nancy Grossman on March 21, 1947, which marriage continued until her death on October 12, 1981. Her will was admitted to probate in Cause No. 6743 in the County Court of Midland County, Texas. Her will devised her entire estate to her widower, Jack L. Hart, who was also appointed Independent Executor of her estate. His final report dated October 11, 1982 showed that her entire estate had been distributed to him in his individual capacity.

3. The charters of the three below-named corporations were forfeited by the Secretary of State of Texas for nonpayment of franchise taxes on the dates indicated opposite their respective names below:

| Corporations | Forfeiture Dates |
|---|---|
| Royalty Roundup Inc. (TIN 75-1054222) | April 16, 1964 |
| The Coldwater Corporation (TIN 75-1186370) | June 25, 1969 |
| The Maberry Company (TIN 75-1232187) | January 23, 1969 |

No application for reinstatement has been filed on behalf of any of said three corporations, nor will any be filed hereafter, as stated in three instruments each entitled "Recognition of Permanent Forfeiture of Charter", dated September 30, 1982 and recorded as indicated below in the Deed Records of the Texas counties named opposite their respective names below:

| Corporations | Vol. | Page | County |
|---|---|---|---|
| Royalty Roundup Inc. | 779 | 34 | Midland |
| The Coldwater Corporation | 328 | 565 | Winkler |
| The Maberry Company | 407 | 169 | Yoakum |

4. At the time of forfeiture of each such corporation's charter, Jack L. Hart and wife, Nancy G. Hart (also known as Nancy Hart and Nancy Grossman Hart), were the sole officers, directors and shareholders thereof; therefore, upon the forfeiture of their respective charters, all the assets of Royalty Roundup Inc., The Coldwater Corporation and The Maberry Company passed to Jack L. Hart and wife, Nancy G. Hart, as their community property. Nancy G. Hart's community one-half (1/2) interest was devised to Jack L. Hart.

NOW, THEREFORE, in consideration of the premises, JACK L. HART ("Grantor"), an unremarried widower, hereby assigns, conveys and transfers to THE HART REVOCABLE TRUST ("Grantee") (TIN 75-6405575), P. O. Box 5665, Midland, TX 79704-5665, its successors and assigns forever, all oil, gas and mineral interests (including but not limited to leaseholds, mineral interests, royalty interests and production payments) owned by said Grantor throughout the States of Texas (including but not limited to the Counties of Andrews, Blanco, Brewster, Caldwell, Cooke, Crane, Crockett, Culberson, Duval, Ector, Edwards, Gaines, Glasscock, Guadalupe, Harris, Henderson, Howard, Karnes, Kendall, La Salle, Leon, Limestone, Loving, Midland, Mitchell, Navarro, Panola, Pecos, Presido, Reeves, Upshur, Upton, Ward, Washington, Wilson, Winkler, Wood, Yoakum, and Zapata), Oklahoma (including but not limited to the Counties of Okfuskee, Oklahoma, Pottawatomie and Seminole) and New Mexico (including but not limited to Lea County), and any accrued but unpaid production proceeds owed to said Grantor related thereto; including all Grantor's undivided interest in

all wells (whether oil, gas, waste disposal or water supply) on all leasehold or unleased mineral premises conveyed hereby and in all attendant personal property thereon and used exclusively in connection therewith.

EXECUTED in multiple counterparts on December 18, 1990, but effective as of January 1, 1991 at 7:00 a.m. CST (or date of the last settlement) for division order purposes only.

Jack L. Hart
Jack L. Hart

STATE OF TEXAS    )
                 : ss.
COUNTY OF MIDLAND )

This (the foregoing) instrument was acknowledged before me on December 18, 1990 by JACK L. HART, a single man.

Before me, the undersigned, Notary Public within and for said state, on this 18 day of December, 1990, personally appeared JACK L. HART, a single man, to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

Given under my hand and seal of office the day and year last above written.

Melissa Jo Ruckman
Notary Public, State of Texas

My Commission Expires:



MELISSA JO RUCKMAN
MY COMMISSION EXPIRES
March 2, 1994

$5.00

FILE NO. B44950

FILED FOR RECORD
This 20th day of Dec. 19 90
at 2:20 o'clock P. M.
Beth Anderson
COUNTY CLERK, WINKLER COUNTY, TEXAS
By Maryn Fuller Deputy



Jack L. Hart
P.O. Box 5605
Midland, Tx. 79704-5605

Exhibit "B-15"

FILED

DEC 02 1993

*Revnelle Cherry*
Clerk, County Court, Midland County, Texas
*Ellen M Rite* Deputy

NO. _10,664_

| | | |
|---|---|---|
| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| JACK L. HART, | § | OF MIDLAND COUNTY, TEXAS |
| | § | |
| DECEASED | § | SITTING IN PROBATE |

## APPLICATION TO PROBATE WILL
## AND FOR LETTERS TESTAMENTARY

TO THE SAID HONORABLE COURT:

James W. Mays ("Applicant") files this Application to probate the will of JACK L. HART, deceased ("Decedent"), and for Letters Testamentary, and in support thereof would respectfully show unto the Court the. following:

I.

Applicant, James W. Mays, resides and has his domicile at 6555 Dartbrook, Dallas, Dallas County, Texas.

II.

Decedent died at his home at 2512 County Club Drive, Midland, Midland County, Texas at 11:00 A.M. on November 21, 1993. At the time of his death, Decedent was 73 years of age. At the time of Decedent's death he was domiciled and had his fixed place of residence in Midland County, Texas.

APPLICATION TO PROBATE WILL
AND FOR LETTERS TESTAMENTARY - Page 1
b.applicat

C22086   Total Pages: 17
Filed 07/21/2017 10:23:14 AM   By: dwarbois
Receipt No. 17-27309 Amt: $90.00
Shethelia Reed - Winkler County, TX County Clerk

Recorded Vol. _2SD_ Page _362_
Probate Minutes
Midland County, Texas

A TRUE AND CORRECT COPY
OF ORIGINAL INSTRUMENT AS
FILED IN MIDLAND COUNTY
CLERK'S OFFICE.

III.

At the time of his death, the said Decedent owned real and personal property, having a probable value in excess of $25,000.00.

IV.

Decedent left a written will dated August 29, 1990, which was never revoked and is attached hereto. At the time of executing the will, Decedent was 70 years of age and was of sound mind. Your Applicant is named as Independent Executor in the will. The will provides that the executor shall serve without bond.

V.

The subscribing witnesses in the will were: Renee Hessee, who resided at 1414 Shiloh, Plano, Collin County, Texas at the time of witnessing said will, Charles R. Johnson who resided at 13355 Noel Road, Dallas, Dallas County, Texas at the time of witnessing said will; and Sharon D. Davis, who resided at 3773 Park Lane, Dallas, Dallas County, Texas, at the time of witnessing said will.

VI.

This Court has jurisdiction of this proceeding of said estate under the provisions of Sections 4 and 5 of the Texas Probate Code, and it has venue because the Decedent was a resident and domiciliary of Midland County, Texas, for a period of more than five years immediately preceding his death.

APPLICATION TO PROBATE WILL
AND FOR LETTERS TESTAMENTARY - Page 2
b.applicat

A TRUE AND CORRECT COPY
OF ORIGINAL INSTRUMENT AS
FILED IN MIDLAND COUNTY
CLERK'S OFFICE.

## VII.

The said will was never revoked so far as Applicant knows and believes. No child or children were born to or adopted by Decedent after the date of the will.

## VIII.

Decedent was married twice, the first marriage was to Carlotta Hart in 1944, and they separated and divorced in 1946. No children were born to this marriage. The second marriage was in 1946 to Nancy Grossman. Nancy Grossman Hart predeceased the Decedent on October 12, 1981, from whom Decedent was never divorced.

## IX.

Your Applicant is not disqualified by law from accepting Letters Testamentary.

## X.

The Social Security Number of the Decedent is 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, the Social Security Number of your Applicant, James W. Mays, is 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.

## XI.

Neither the state, a governmental agency of the state, nor a charitable organization is named by the will as a devisee.

## XII.

Applicant represents to the Court that it is not necessary that an appraiser be appointed.

APPLICATION TO PROBATE WILL
AND FOR LETTERS TESTAMENTARY - Page 3
b applest

A TRUE AND CORRECT COPY
OF ORIGINAL INSTRUMENT AS
FILED IN MIDLAND COUNTY
CLERK'S OFFICE.

WHEREFORE, Applicant requests that citation be issued as required by law, that said will

be admitted to probate, that Letters Testamentary be issued to your Applicant, and for such other

and further orders to be made as the Court, in its wisdom, may deem proper.

Respectfully submitted,

C. B. Harrison, Jr.
State Bar Card No. 09128000
James W. Mays, Jr.
State Bar Card No. 13306100
13101 Preston Road, Suite 400
Dallas, Texas 75240
Phone:  214/934-0147
FAX:  214/386-5705

ATTORNEYS FOR APPLICANT

APPLICATION TO PROBATE WILL
AND FOR LETTERS TESTAMENTARY - Page 4
bapplint

A TRUE AND CORRECT COPY
OF ORIGINAL INSTRUMENT AS
FILED IN MIDLAND COUNTY
CLERK'S OFFICE.

*No. 10,664*

# LAST WILL AND TESTAMENT

## OF

## JACK L. HART

**FILED**

DEC 02 1993

*Lesenelle Chris*
Clerk, County Court, Midland County, Texas
*Callen White*, Deputy

| THE STATE OF TEXAS | ) |
| COUNTY OF MIDLAND | ) |

I, JACK L. HART, a resident of and domiciled in Midland County, Texas, hereby make, publish and declare the following to be my Last Will and Testament, revoking all Wills, codicils, and testamentary instruments by me heretofore made.

### ARTICLE I

### DECLARATION CONCERNING FAMILY

I am not presently married. I have one (1) child whose name is NANCY LOVE HART. The term "my child" refers to the foregoing person identified as my child.

### ARTICLE II

### CERTAIN BEQUESTS

2.1    Bequest of Tangible Personal Property. My interest in all books, pictures, objects of art, glass, china and silverware, linens, furniture and other household goods, automobiles, clothing, jewelry, and other similar items of tangible personal property that I shall own at my death, I bequeath to my child should my child survive me, provided, however, I direct that in order for my child to receive any such items, she notify my Executor in writing as to such items she desires within sixty (60) days following his qualification as

-1-

J. L. H.

Recorded Vol. *250* Page *366*
Probate Minutes
Midland County, Texas

A TRUE AND CORRECT COPY
OF ORIGINAL INSTRUMENT AS
FILED IN MIDLAND COUNTY
CLERK'S OFFICE.

such.

2.2    Delivery of items made pursuant to the provisions of Section 2.1 shall be an acquittance to my Executor with respect to the items so delivered.

2.3    Disposition of Residuary Estate.  All the rest, residue and remainder of my estate, including any preceding gift that shall have lapsed and any items described in Section 2.1 which my child elects not to receive, herein referred to as "my residuary estate," I give to the trustees of THE HART REVOCABLE TRUST (the "Residue Trust") heretofore created by Section 6.2 of that certain trust agreement of even date herewith by and between myself as Settlor and myself and JAMES W. MAYS, as co-Trustees, as an addition thereto, to be held, administered and distributed in accordance with the terms of such trust agreement in effect at the time of my death.  If the Residue Trust is not in existence at the time of my death, or if the distribution of any property under this Will to the Residue Trust is invalid under the governing rules of law, then that part of my residuary estate not distributed to the Residue Trust shall be held, administered, and distributed in accordance with the same terms, conditions, and limitations which are contained in the Residue Trust on the effective date of my Will (which shall be the later of the date of execution of my Will or any codicils thereto); and for these purposes, I incorporate the Residue Trust by reference into this Will.

ARTICLE III

EXECUTOR

3.1    Appointment of Executor.

-2-

J. L. H.

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN MIDLAND COUNTY CLERK'S OFFICE.

(a)  Appointment.  I hereby appoint JAMES W. MAYS as successor Independent Executor.  In the event JAMES W. MAYS fails or ceases to serve as Executor, then in his stead, I hereby appoint JAMES W. MAYS, JR. as successor Independent Executor.  In the event JAMES W. MAYS, JR. fails or ceases to serve as Executor, I hereby appoint ELLEN WARD HOUSE as successor Independent Executor.

(b)  No Bond.  I direct that no bond be required of any Executor or successor Executor.

(c)  Independent Administration.  I direct that no other action will be had in the county or probate court in relation to the settlement of my estate than the probating and recording of this Will and the return of an inventory, appraisement and list of claims of my estate.

(d)  "Executor" Defined.  As used herein, "Executor" shall mean any Executrix or Executor then qualified and serving.

3.2  Payment of Taxes, Debts and Expenses.  I direct that my just debts, expenses of my last illness, funeral expenses (if any), administration expenses, and all other claims properly chargeable against my estate, be paid by my Executor as soon after my death as may be practicable, without undue sacrifice; provided, however, that should my Executor deem it in the best interest of my estate to extend the maturity of any indebtedness, my Executor shall have authority to do so.  All such expenditures and all taxes (including any interest and penalties thereon) which may be payable by reason of my death shall be charged against my residuary estate and may be paid in such order and out of such of the assets of my residuary estate, including the income of my residuary estate, as my Executor may deem best and my Executor's judgment shall be final, binding and conclusive upon all parties interested hereunder.  No legatee, devisee, transferee, or beneficiary of insurance on my life shall be required to reimburse my Executor or any legatee, devisee, transferee or beneficiary for any such amounts so paid by my Executor pursuant to this Section 3.2.

-3-

J. L. H.

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN MIDLAND COUNTY CLERK'S OFFICE.

3.3    Distributions by Executor. My Executor is authorized to distribute my estate in cash or in kind or partly in cash and partly in kind, and my Executor is further authorized to distribute my estate subject to any and all indebtedness incurred by me or by my Executor which my Executor determines need not first be paid, and subject to any or all mortgages, deeds of trust or other liens created by me or by my Executor.

3.4    Discretionary Powers. In addition, my Executor is hereby authorized, in my Executor's discretion, to continue any business, or participation in any partnership or other arrangement, in which I shall be engaged at my death; to partition with any other owner or owners any property in which I shall own an undivided interest at my death; to sell, for any reason, upon such terms, cash or credit, as my Executor shall deem in the best interest of my estate, all or any part of my property; to borrow money and secure payment thereof in such manner as my Executor shall deem proper; to exercise entirely, or partially, any option to purchase real or personal property; to lease any property under such terms and conditions and for such period of time as my Executor may determine, even though such lease may extend beyond the duration of my estate or commence in the future, and to renew, cancel, amend, or extend and consent to the assignment or modification of any lease on any terms that my Executor may determine; and to settle and compromise any and all claims in favor of or against my Executor or my estate, expressly including, but not limited to, controversies in respect of taxes of all kinds.

3.5    Tax Elections. My Executor is authorized, in my Executor's sole and absolute discretion to exercise any election or option given to my Executor under the Internal

-4-

J. L. H.

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN MIDLAND COUNTY CLERK'S OFFICE.

Revenue Code, or under the laws of any state in which this Will may be probated, or in which property in which I own an interest at the time of my death may be located. Without limiting the generality of the foregoing, my Executor is authorized to file any federal income tax return for any year for which I have not filed a return prior to my death; to allocate any "GST exemption" pursuant to Internal Revenue Code Sections 2631 and 2632, as from time to time amended, to any property with respect to which I am the transferor for purposes of the federal generation-skipping transfer tax, whether or not such property is includable in my probate estate, and to exclude any property from such allocation and to take such actions without receipt of consideration and though it may result in additional liabilities for my estate. My Executor is authorized not to exercise any such election or option although such decision may increase the amount of my taxable estate, if my Executor, in my Executor's sole and absolute discretion, determines that such decision is in the best interest of my estate and the beneficiaries thereof. The decision of my Executor with respect to any matters set forth herein shall bind each and every beneficiary of my estate and my Executor shall not be required to make any compensating adjustments between income and principal or among beneficiaries as the result of my Executor's action or inaction.

3.6    Ancillary Proceedings. Should it be necessary for a representative of my estate to qualify in any ancillary proceeding, I appoint, as such ancillary representative, such person who is then acting as my individual domiciliary Executor. Should he fail or cease to act as such ancillary representative, I appoint, as such ancillary representative, such person or corporation as he may designate. Should there be no individual domiciliary Executor then

-5-

J. L. H.

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN MIDLAND COUNTY CLERK'S OFFICE.

acting, I appoint as such ancillary representative such person or corporation as my corporate domiciliary Executor may appoint. I direct that no bond be required of such ancillary representative or, if bond is, notwithstanding this provision, required by law, no surety on such bond shall be required. In addition to all powers and authority granted by the law of the jurisdiction in which he qualifies, such ancillary representative shall have all the powers and authority in connection with the ancillary administration which I have herein granted my domiciliary Executor.

3.7     Expense of Delivery. I direct that all expenses of packing, shipping, insuring, and delivering any items to a beneficiary shall be paid by my Executor as an administration expense of my estate.

3.8     Additional Powers. During the administration of my estate, my Executor shall have not only the powers herein and by law granted to an Executor, but also the powers herein and by law granted to trustees under the Texas Trust Code as from time to time amended and in effect.

3.9     Executor's Compensation. Any Executor shall be entitled to receive, for his, her or its services as Executor hereunder, compensation which is fair, reasonable, and customary with respect to estates of similar size and character. All Executors shall be entitled to payment of their reasonable expenses incurred in the administration of my estate.

3.10    Executor's Liability. No natural person serving hereunder as Executor shall be liable for any act or omission except willful misconduct or gross negligence.

-6-

J. L. H.

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN MIDLAND COUNTY CLERK'S OFFICE.

# ARTICLE IV

## MISCELLANEOUS PROVISIONS

4.1    Successor Executor.  Any successor Executor is authorized and directed to accept from any prior Executor the assets delivered by such prior Executor on the basis of the accounting therefor as submitted by such prior Executor without requiring an audit or other independent accounting of the acts of such prior Executor, and any successor Executor shall not have any duty, responsibility, obligation or liability whatsoever for the acts or omissions of any prior Executor.

4.2    Powers of Appointment Not Exercised.  I hereby decline to exercise any and all powers of appointment that, as donee, I may have at my death.

4.3    Illegal or Invalid Provisions.  If any provision of this Will should be held illegal or invalid when applied to any property interest in my estate or in any trust created or provided for herein, such invalidity or illegality shall not affect the remaining provisions, or any other property interests, and each provision of this Will shall exist separately and independently, and shall be applied to property interests, separately and independently, of every other provision, and this Will shall be construed as if such illegal or invalid provision had never existed.

4.4    Construction.  If and when, in good faith, my Executor is in doubt as to the proper construction, interpretation or operation of this Will, or as to what property be comprehended within the terms, or as to any question which may arise during the administration of my estate, or the application, interpretation or construction of the Texas

-7-

J. L. H.

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN MIDLAND COUNTY CLERK'S OFFICE.

Trust Code, as from time to time amended, or as to any other or additional matter involving the administration of my estate or the rights of any beneficiary thereof or any person otherwise interested under or affected by my estate, or the rights of any legatee or devisee under this Will, my Executor is hereby authorized to resolve such doubts in such manner as my Executor shall deem equitable and proper, it being my intention thus to avoid suits for construction or instructions, to the fullest extent possible. All decisions and actions of my Executor in the exercise of the discretion and power vested in my Executor by the provisions of this section shall be conclusive on all persons ever interested in this Will or my estate.

4.5    <u>Photocopy Clause</u>. The original of this instrument may consist of a photocopy of a typed master.

4.6    <u>Internal Revenue Code</u>. The "Internal Revenue Code" shall mean the Internal Revenue Code of 1986, as amended or succeeded, in effect at the time in question.

4.7    <u>Plurals and Gender</u>. Wherever a word defined above, or a pronoun used in lieu of it, be used herein in plural form, but there be only one person within the scope of the definition, such word, or the pronoun used in lieu of it, though in plural form, shall have a singular meaning, and vice versa. Likewise, pronouns of one gender, used in lieu of such defined words, shall include the neuter and the other gender.

4.8    <u>Titles and Headings</u>. The titles and headings of articles and sections of this Will are intended only to facilitate reference to the various provisions thereof, and shall not be construed as an integral part thereof, unless clearly indicated.

IN WITNESS WHEREOF, in _Dallas_ , Texas, on this _29_ day of _August_,

-8-

_J. L. H._

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN MIDLAND COUNTY CLERK'S OFFICE.

1990, I hereunto sign my name on the ninth (9th) and last page, having signed my initials

on the margin of each of the preceding eight (8) pages hereof.

*Jack L. Hart*

JACK L. HART

     SIGNED, PUBLISHED AND DECLARED on the above written day by, JACK L. HART, Testator, as and for his Last Will and Testament, in the presence of us, who in his presence, at his request and in the presence of each other, have hereunto, on such date, subscribed our names as attesting witnesses.

| | |
|---|---|
| _Renee Hesse_ | _1414 Shiloh, Plano, Tx 75074_ |
| Witness | Address |
| _Sharon Davis_ | _3773 Park Ln. Dallas, Tx. 15220_ |
| Witness | Address |
| _Charles R. Johnson_ | _Dallas, Texas_ |
| Witness | Address |


THE STATE OF TEXAS    )
                           )
COUNTY OF DALLAS     )

     BEFORE ME, the undersigned authority, on this day personally appeared JACK L. HART, _Renee Hesse_ , _Sharon Davis_ and _Charles R. Johnson_ , known to me to be the Testator and the witnesses, respectively, whose names are subscribed to the annexed or foregoing instrument in their respective capacities, and, all of said persons being by me duly sworn, the said Testator declared to me and to the said witnesses, that said instrument is his Last Will and Testament, and that he had willingly made and executed it as his free act and deed for the

-9-

J. L. H.

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN MIDLAND COUNTY CLERK'S OFFICE.

purposes therein expressed; and the said witnesses, each on his oath stated to me, in the presence and hearing of the said Testator, and of all of the said witnesses, that the said Testator had declared to them that said instrument is his Last Will and Testament, and that he executed the same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of each other and of the said Testator and at his request; and that the Testator was at that time eighteen (18) years of age or over and was of sound mind; and that each of said witnesses was then at least fourteen (14) years of age.

_____
JACK L. HART

_____
Witness

_____
Witness

_____
Witness

     SUBSCRIBED and ACKNOWLEDGED before me by the said JACK L. HART, Testator, and SUBSCRIBED and SWORN to before me by the said _Renee Hesse_ _____, _Sharon Davis_____ and _Charles R. Johnson_, witnesses, this _29th_ day of _August_____, 1990.

(Notary's Stamp)

EILEEN RICE TOLLETT
NOTARY PUBLIC
State of Texas
Comm. Exp. 05-02-92

_____
Notary Public - State of Texas

HART.WIL

-10-

_____
J/L. H.

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN MIDLAND COUNTY CLERK'S OFFICE.

**F I L E D**

JAN 1 0 1994

*[clerk signature]*
Clerk, County Court, Midland County, Texas
By *[signature]* Deputy

No. 10,664

| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| JACK. L. HART, | § | OF MIDLAND COUNTY, TEXAS |
| | § | |
| DECEASED | § | SITTING IN PROBATE |

### ORDER PROBATING WILL

On this 10th day of January, 1994, came on to be heard the application for Probate of the Last Will and Testament of Jack L. Hart, deceased, and for letters thereon, filed herein on the 2nd day of December, 1993, by James W. Mays.

And it appearing to the Court that legal notices of the filing of said application have been issued and posted in the manner and for the length of time required by law and no one came to contest same; and it further appearing that said will was self-proved according to law during the lifetime of said decedent; that the said Jack L. Hart, deceased, died in the County of Midland, State of Texas, where his residence and principal estate was situated on the 21st day of November, 1993; that this Court has jurisdiction of and venue over the estate; that four years have not elapsed since his decease, prior to the said application that said deceased at the time of executing said Will was over eighteen years of age and of sound mind; that said Will was executed with the formalities and solemnities and under the circumstances required by law to make it a valid Will; and that such Will has not been revoked by said Testator; that the said James W. Mays named in the said Will as Independent Executor thereof without bond is entitled thereto and is not disqualified by law.

ORDER PROBATING WILL - Page1
c:\wpc\doc\cbh\1994\194\order01.har

Recorded Vol. 250 Page 380
Probate Minutes
Midland County, Texas

A TRUE AND CORRECT COPY
OF ORIGINAL INSTRUMENT AS
FILED IN MIDLAND COUNTY
CLERK'S OFFICE.

IT IS THEREFORE ORDERED BY THE COURT that said Will is hereby proven and established and admitted to probate and record as the Last Will and Testament of said Jack L. Hart deceased and that James W. Mays named in said Will be and is hereby appointed Independent Executor of said Will and Estate without bond as directed in the Will of said Testator.

IT IS FURTHER ORDERED BY THE COURT that Letters Testamentary upon said Will and Estate of Jack L. Hart, deceased, be and the same are hereby granted to the said James W. Mays upon the taking of the oath as required by law. And that the Clerk is further required to issue Letters Testamentary in accordance with this order to the said James W. Mays when he shall have qualified according to law.

SIGNED AND ENTERED this _10_ day of January, 1994.

Judge Presiding

ORDER PROBATING WILL - Page2
o:\wpc\doc\cbh\1994\194\order01.har

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN MIDLAND COUNTY CLERK'S OFFICE.

# THE STATE OF TEXAS
# COUNTY OF MIDLAND
## CERTIFICATION CERTIFICATE

### CAUSE NO. P10664

I, *Alison Haley*, County Clerk of Midland County, Texas, do hereby certify that the above and foregoing is a full, true and correct copy of the following papers filed in **P10664** in the matter of the Estate of **JACK L. HART** , deceased as appears on file in this office and duly recorded in the Probate Minutes of Midland County, Texas, to wit:

1. APPLICATION TO PROBATE WILL AND FOR LETTERS TESTAMENTARY

2. LAST WILL AND TESTAMENT OF JACK L. HART

3. ORDER PROBATING WILL

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office, in Midland, Texas, this **June 29th 2017**.

ALISON HALEY
MIDLAND COUNTY CLERK
MIDLAND, TEXAS

BY: _____ Deputy
SHON BRENT

# Exhibit "B-15"

BARBARA TUNNELL
FILED
02 JUL 15 AM 9: 36
FRANKLIN
DALLAS CH. CLERK
TEXAS
DEPUTY

## CAUSE NO. 01-05578d

DORCAS DOWLEN and §
NANCY HART, §
    Plaintiffs, §
§
vs. §
§
JAMES W. MAYS, AND §
JAMES W. ("JAY") MAYS, JR. §
    Defendants §

IN THE 95TH DISTRICT COURT

IN AND FOR

338D 390

E85

DALLAS COUNTY, TEXAS

## AGREED JUDGMENT APPOINTING SUCCESSOR TRUSTEE, and
## OF DISMISSAL WITH PREJUDICE

As evidenced by the signatures of counsel below, the parties have agreed to settle the above referenced cause, and John Cornyn, Attorney General of the State of Texas has filed his waiver to intervene in this proceeding under the provision of §123.002 of the Texas Property Code.

Based on the representation and agreement of the parties, the court finds that defendants James W. Mays and James W. ("Jay") Mays, Jr., have resigned as trustee and successor trustee of the Hart Revocable Trust; that alternate successor trustees Mary Ellen House and Madeline Baker Hart have declined to serve as successor trustee; and that the current co-trustee, Gary Pickens is qualified and is not disqualified to serve as sole successor trustee, and has agreed to accept appointment of the court as sole successor trustee, and that the consideration specified in the Settlement Agreement and Mutual Release has been fully exchanged and performed according to the agreement of the parties.

It is ORDERED, ADJUDGED and DECREED that Plaintiffs Dorcas Dowlen and Nancy Hart take nothing from Defendants James W. Mays and James W. ("Jay") Mays, Jr. and the claims of Plaintiffs against Defendants are dismissed with prejudice.

It is further ORDERED, ADJUDGED and DECREED that Gary Pickens is appointed as trustee of the Hart Revocable Trust.

It is further ORDERED, ADJUDGED and DECREED that all costs shall be paid by the party incurring same.

It is further ORDERED, ADJUDGED and DECREED that all relief not specifically granted herein is denied.

SIGNED this the 22nd day of July, 2002.

C26529  Total Pages: 4
Filed 08/15/2018 10:45:31 AM          By: dwarbois
Receipt No. 18-30936 Amt: $38.00
Shethelia Reed - Winkler County, TX County Clerk

7/22/02

KAREN JOHNSON
Judge Presiding

## APPOINTMENT AS SUCCESSOR TRUSTEE ACCEPTED:

GARY PICKENS
United Properties Southwest
5310 Harvest Hill Rd.
Suite 288 LB 108
Dallas, Texas 75230

## APPROVED AS TO FORM:

John Judge
State Bar No. 1104500
JUDGE & BRIM, P.C.
2525 Wallingwood Drive, Building 14
Austin, Texas 78746

Pat Shaw
State Bar No. 18138800
Woodward, Shaw & Howell, P.C.
4849 Greenville Ave., Suite 1177
Dallas, Texas 75206

Robert B. (Bart) Cousins, Jr.
State Bar No. 04900000
Glast, Phillips & Murray, P.C.
2200 One Galleria Tower
13355 Noel Road, L.B. 48
Dallas, Texas 75240-6657

Jim Anthony
State Bar No. _____
Office of the Attorney General
Charitable Trust Division
P.O. Box 12548
Austin, Texas 78711

**APPOINTMENT AS SUCCESSOR TRUSTEE ACCEPTED:**

GARY PICKENS
United Properties Southwest
5310 Harvest Hill Rd.
Suite 288 LB 108
Dallas, Texas 75230

**APPROVED AS TO FORM:**

John Judge
State Bar No. 1104500
JUDGE & BRIM, P.C.
2525 Wallingwood Drive, Building 14
Austin, Texas 78746

Jim Anthony
State Bar No. _____
Office of the Attorney General
Charitable Trust Division
P.O. Box 12548
Austin, Texas 78711

Robert B. (Bart) Cousins, Jr.
State Bar No. 04900000
Glast, Phillips & Murray, P.C.
2200 One Galleria Tower
13355 Noel Road, L.B. 48
Dallas, Texas 75240-6657

Pat Shaw
State Bar No. 18138800
Woodward, Shaw & Howell, P.C.
4849 Greenville Ave., Suite 1177
Dallas, Texas 75206

Sec 21
BK B-3
Req 28-C

**STATE OF TEXAS**
**COUNTY OF DALLAS**

I, FELICIA PITRE, Clerk of the District of Dallas County, Texas, do hereby certify that the foregoing this instrument to be a true and correct copy of the original as appears on record in my office.

GIVEN UNDER MY HAND and seal of office at office in Dallas, Texas, this _____ day of _____ A.D. 2018.

FELICIA PITRE, District Clerk
DALLAS COUNTY, TEXAS

By _____ Deputy