United States District Court
Southern District of Texas
**ENTERED**
February 27, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SADDLEBACK EXPLORATION, LLC, | § | |
| *Interpleader-Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23cv3091 |
| | § | |
| BARBARA BRUNELLE, ET AL., | § | |
| *Defendants.* | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Having reviewed the Magistrate Judge's Memorandum and Recommendation dated December 18, 2025, (Dkt. 150) and no party having filed objections thereto, the court is of the opinion that said Memorandum and Recommendation should be adopted in part by this Court.

It is **ORDERED** that the Magistrate Judge's Memorandum and Recommendation is hereby **ADOPTED** to the extent described below:

Hart Revocable Trust's Supplemental Motion for Summary Judgment[1] (Dkt. 138) is **GRANTED** to the extent it seeks a determination that:

Hart Revocable Trust ("Hart") owns a nonparticipating royalty interest ("Hart NPRI Floating Royalty Interest") that is a floating royalty interest of 1/2 x "1/64 of 1/8 of the landowner's 1/8 royalty interest" in SE4NW4 of Section 6 and 1/2 x "1/64 of 1/8 of the landowner's 1/8 royalty interest" in the SE4 of Section 6 within the South 3/4ths of Section 6, Block B-6, Public School Land Survey, A-1310, 482.5 acres, more or less, in Winkler County, Texas;

---

[1] Hart Revocable Trust moved for summary judgment as Interpleader Defendant and Counter-Plaintiff. Dkt 138. Hart's counterclaim seeks payment from the interpleader fund as to its interest against the interests of any adverse claimants or the Interpleader Plaintiff. Dkt. 30 ¶¶ 89-92. Given that interpleader actions are brought by interpleader plaintiffs to avoid multiple liability and the process involves the interpleader defendants litigating their claims to the fund among themselves, this is the same relief to which Hart would be entitled in the interpleader proceeding. Therefore, the Court conflates the relief Hart seeks as Interpleader Defendant and Counter-Plaintiff.

Hart's ownership of the Hart NPRI Floating Royalty Interest entitles Hart to be paid a royalty from the Stonegate 6 No. 1H well equal to 0.00024414 percent of production, calculated in accordance with the lessee's royalty payment terms in the present lease covering the NPRI property, and the payments are to be calculated as a percentage of the royalty payable to the lessor under the lease governing production of oil and/or gas from the NPRI property.

It is further **ORDERED** that Hart's request for payment from Plaintiff of the proceeds of production attributable to its nonparticipating royalty interest held in suspense by the Plaintiff is **DENIED**. The Court will order disbursement of the interpleader funds in a separate order upon a determination of the interests of all remaining parties. *See* FED. R. CIV. P. 54(b).

It is further **ORDERED** that Hart's request for a determination that it is entitled to timely payment of its nonparticipating royalty payments in the future pursuant to the statutes of the State of Texas and to the terms of the lease governing the production and sale of oil and/or gas from its nonparticipating royalty interest is **DENIED**. The issue of future payments under the terms of the lease is not properly before the Court in this interpleader action and is also not within the scope of Hart's counterclaim.

**SIGNED** at Houston, Texas this 27-th day of February, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE