United States District Court
Southern District of Texas
**ENTERED**
March 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SADDLEBACK EXPLORATION, LLC | § | |
| *Interpleader-Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-03091 |
| | § | |
| BARBARA BRUNELL ET AL., | § | |
| *Interpleader-Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

On January 13, 2026, the Court ordered all remaining parties to file status reports stating their position on whether a live controversy still exists in this case. ECF 153.[1]  Having considered the status reports of those parties who complied with the January 13, 2026 Order, the record, and the applicable law, the Court RECOMMENDS that this case be dismissed sua sponte for lack of jurisdiction.

## I.    Factual and Procedural Background.

Interpleader-Plaintiff Saddleback Exploration, LLC ("Saddleback"), or its successors in interest (i.e., Formentera Operations, LLC), operates the Stonegate 6 No. 1H Well ("the Well") and owns a lease covering the land in Winkler County, Texas on which the well sits.  Saddleback brought this interpleader action after learning of potentially conflicting claims regarding the percentages of the production

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 100.

royalties owed to royalty interest owners.  ECF 7 ¶ 2 (Amended Complaint in Interpleader).  The action initially involved hundreds of Interpleader-Defendants (*Id.* at ¶¶ 6-156), but many of them failed to appear or were dismissed.  ECF 107; ECF 143.

In July 2024, the Court granted in part two Interpleader Defendants' (Hart Revocable Trust and Remnant Assets) motions for summary judgment, finding that some of the deeds at issue conveyed floating, rather than fixed, royalty interests.  ECF 128; ECF 130.  In light of the Court's summary judgment ruling, Saddleback sought a new title opinion which it distributed to the parties in March 2025.  ECF 137.  Only Hart Revocable Trust filed a Supplemental Motion for Summary Judgment based on the information in the new title opinion.  ECF 138.  The Magistrate Judge recommended granting the motion.  ECF 150.  The Court adopted the recommendation in part and entered an Order stating that:

> Hart Revocable Trust ("Hart") owns a nonparticipating royalty interest ("Hart NPRI Floating Royalty Interest") that is a floating royalty interest of 1/2 x "1/64 of 1/8 of the landowner's 1/8 royalty interest" in SE4NW4 of Section 6 and 1/2 x "1/64 of 1/8 of the landowner's 1/8 royalty interest" in the SE4 of Section 6 within the South 3/4ths of Section 6, Block B-6, Public School Land Survey, A-1310, 482.5 acres, more or less, in Winkler County, Texas;
>
> Hart's ownership of the Hart NPRI Floating Royalty Interest entitles Hart to be paid a royalty from the Stonegate 6 No. 1H well equal to 0.00024414 percent of production, calculated in accordance with the lessee's royalty payment terms in the present lease covering the NPRI property, and the payments are to be calculated as a percentage of the royalty payable to the lessor under the lease governing production of oil and/or gas from the NPRI property.

2

ECF 159.  The Order of Adoption denied any other relief requested in Hart Revocable Trust's Supplemental Motion for Summary Judgment.  *Id*.

Prior to entry of the Order of Adoption, Remnant Assets moved to dismiss all claims for or against it based on a disclaimer of any interest in the property at issue. ECF 149.  In December 2025, the Court dismissed Remnant Assets from the case ECF 151.

The Court then ordered the remaining parties to provide status reports explaining their positions with respect to the new title opinion and whether any controversy or adversity remained between the parties.  ECF 153.  The Court warned that failure to do so would potentially result in dismissal of a party's claims.  *Id.* Some but not all of the remaining parties filed status reports.  ECF 154; ECF 156; ECF 157.[2]

## II.    Legal Standards.

"Article III, § 2, of the Constitution limits the jurisdiction of federal courts to Cases and Controversies, which restricts the authority of federal courts to resolving

---

[2] The following parties filed status reports in compliance with the Court's Order: Interpleader Plaintiff Saddleback and Interpleader Defendants Juanita Jean Howard; Lorraine Maxine Howard; James N. Howard and Patricia J. Howard, as Trustees of the ML Howard Legacy Trust; Grimes 710 LLC; Grimes Texas LLC; Matthews-Link Properties, Ltd.; and Kevin D. Durham and Lynn D. Durham, Jr., as Co-Trustees of the Fredda T. Durham Lifetime Trust.

The following appearing Interpleader Defendants failed to file a status report: Pecos Bend Royalties, LLLP; White Star Energy, Inc.; Hart Revocable Trust; M&M Minerals, LLC; TK3 Minerals, LLC; Moody Bible Institute of Chicago; and David M. Howard.

the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (cleaned up). There must be a live controversy "at every stage of the litigation[,]" and if "an intervening circumstance deprives a plaintiff of a personal stake in the outcome of the action or makes it impossible for the court to grant any effectual relief whatever to the prevailing party, the case must be dismissed as moot." *Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605, 607 (5th Cir. 2014). "Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). Because mootness "strik[es] at the very heart of federal subject matter jurisdiction," the Court must address it sua sponte. *Sannon v. United States*, 631 F.2d 1247, 1250 (5th Cir. 1980).

## III.   Analysis.

"An interpleader action is designed to protect a stakeholder [the interpleader plaintiff] . . . from the possibility of multiple claims upon a single fund" by the interpleader defendants. *Matter of Bohart*, 743 F.2d 313, 324 (5th Cir. 1984). *See also Wausau Ins. Companies v. Gifford*, 954 F.2d 1098, 1100–01 (5th Cir. 1992). When the underlying dispute between the interpleader defendants is mooted, such that the interpleader plaintiff "is no longer exposed to multiple liability, . . . the interpleader claim [itself is mooted and] should be dismissed." *Nat. Wealth Real Est., Inc. v. Cohen*, No. 05-CV-01233-LTB, 2008 WL 4186003, at *1 (D. Colo. Sept.

5, 2008) (collecting cases); *Carter Momsen PC v. DJ Collections & Inv. Enter. Corp.*, No. SA-18-CV-00053-XR, 2020 WL 12991144, at *3 (W.D. Tex. May 13, 2020) (dismissing an interpleader action where there was "no remaining sum [of the interpleaded funds] over which there is a live case or controversy.").

Saddleback filed this interpleader action after it became aware of Remnant Assets LLC's dispute regarding the nature and ownership of royalty interests in question. ECF 7 ¶ 158-159. Through the suit, the rival claims to production royalty interests were isolated to the royalty interests descended from the Powell-Vitek deed, from which Remnant Assets originally claimed to derive an interest. *See, e.g.*, ECF 138-2 at 5 (explaining the new title opinion was limited to the interests derived from the Powell-Vitek deed). Remnant Assets has disclaimed any interest in the interpleader fund, and any royalty or property at issue. All Interpleader Defendants who filed status reports in compliance with the court's January 13, 2026 Order state they are unaware of any Interpleader Defendant with interests adverse to their own, and those royalty interest owners within the Powell-Vitek chain of title do not contest the new title opinion's division of interests. ECF 154; ECF 157.

In response to the January 13 Order, Saddleback has failed to identify a live controversy or a continued threat of multiple liability regarding the remaining Interpleader Defendants. ECF 153; ECF 156. Instead, Saddleback acknowledged

that it "has not received any objections, notice of disputes, or other disagreements to" the new title opinion.  ECF 156.

Based on the responses of the responding parties as well as the failure to respond by others, the Court finds the dispute underlying the interpleader is now moot and the Amended Complaint in Interpleader no longer presents a live controversy.[3]  *See Nash & Assocs., LLC v. Gwynn*, No. CIV. WDQ-14-0376, 2014 WL 3428933, at \*4 (D. Md. July 10, 2014) ("Because there are no longer competing claims to the disputed funds," the action is moot).  *See also RSL Funding, LLC v. Saucier*, No. CIV. 109CV300HSOJMR, 2010 WL 384529, at \*3 (S.D. Miss. Jan. 27, 2010).

## IV.    Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Amended Complaint in Interpleader (ECF 7) be DISMISSED as moot.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

---

[3] Although the interpleader action is moot, Interpleader Plaintiff may still seek attorney's fees. *See Grand Manor Health Related Facility, Inc. v. Hamilton Equities Inc.*, 941 F. Supp. 2d 406, 416 n.10 (S.D.N.Y. 2013).

6

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on March 02, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge