**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **SADDLEBACK EXPLORATION, LLC,** | § | |
| *Interpleader-Plaintiff,* | § | |
| | § | |
| **V.** | § | **C.A. NO. 4:23-cv-3091** |
| | § | |
| **BARBARA BRUNELLE; ET. AL.,** | § | |
| *Interpleader- Defendants.* | § | |

**INTERPLEADER-PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

COMES NOW, Saddleback Exploration, LLC (Saddleback) Interpleader-Plaintiff and files this Motion to Recover Attorney's Fees and in support would show:

## I.      INTRODUCTION

1.      Saddleback initiated this interpleader action after an Interpleader Defendant claimed it was entitled to a greater allocation of royalty payments based on a Texas Supreme Court case decided in 2023 interpreting deed language conveying certain mineral interests. For its part, Saddleback, as the owner/operator, is and has remained a disinterested party that has no claim to the interpleaded funds and filed this action solely to protect itself from multiple liability and the costs of litigation arising from the implications of the claim asserted by the Interpleader Defendant. This case has now been resolved and with no objection filed as of the Court's deadline, is now set to be dismissed.  Texas law permits a disinterested stakeholder to recover reasonable attorney's fees when the stakeholder was compelled to file an interpleader action due to competing claims to those funds. Saddleback, therefore, moves to recover its fees and expenses incurred as a result of this Interpleader.

## II.    FACTUAL BACKGROUND

2.    This interpleader action is related to a dispute brought by a then-royalty interest owner, Remnant Assets, LLC.[1]  After the Texas Supreme Court decision in *Van Dyke v. Navigator Group*[2], Remnant alleged that its royalty interests should be calculated differently.  By nature of their claim, Saddleback was faced with an issue of potential competing claims among the other royalty interest owners.

3.    Saddleback had no reasonable means of determining either the applicability of the *Van Dyke* holding or the royalty allocation without exposing itself to the risk of multiple liability claims from other Interpleader Defendants.  As an initial matter, there was a legal question as to whether the *Van Dyke* holding was applicable to Remnant's interests.  If Saddleback opined that *Van Dyke* did not apply, it faced potential litigation from Remnant.  If Saddleback opined *Van Dyke* was applicable, Saddleback would necessarily have to decrease the payments to the other Interpleader Defendants.  Facing these options, Saddleback interplead the funds with the Court for judicial determination about the applicability of *Van Dyke*, and its subsequent effect on the remaining interests of the Interpleader Defendants.

4.    Saddleback did nothing to instigate this dispute.  Rather, this dispute stems from the legal determination and applicability of *Van Dyke*, and Remnant's claim it was entitled to a greater portion of royalties.

5.    Remnant initially made its claim in April 2023, and after some discussion between Saddleback and Remnant, it became evident to Saddleback that there was no resolution to this matter.  Saddleback did not delay in filing suit with the Court in August 2023. [Doc.1].

---

[1] Remnant Assets, LLC has subsequently denied it received any interest in this chain of title.

[2] 668 S.W.3d 353 (Tex. 2023).

6.     After filing the action and serving the sixty-seven (67) known and 210 unknown Interpleader Defendants by publication, Saddleback deposited the funds into the registry of the Court.  [Doc.11].

7.     Several parties submitted motions for consideration of the Court, and this Court determined *Van Dyke*, in fact, applied.  Saddleback then undertook the task of reissuing a supplemental title opinion based on the judicial determination regarding the applicability of *Van Dyke*.  The parties were given the opportunity to object to the title opinion, and there were none. Having resolved the issues in this case, this interpleader has now been dismissed as moot.

### III.     ARGUMENTS AND AUTHORITIES

8.     Now that the issues have been resolved, Saddleback requests its attorney's fees for this interpleader action.   The court has discretion to award costs and attorney's fees to a disinterested stakeholder. *See Corrigan Dispatch Co. v. Casa Guzman*, 696 F.2d 359, 364 (5th Cir. 1983), citing *James P. Talcott, Inc. v. Allahabad Bank, Ltd*., 444 F.2d 451, 468 (5th Cir.) cert. denied, 404 U.S. 940 (1971). To be considered a disinterested stakeholder, the court considers whether the stakeholder is in substantial controversy with one of the claimants. *Mass. Mut. Life Ins. Co. v. Sanders*, 787 F. Supp. 2d 628, 641 (S.D. Tex. 2011) (citing *Rhoades v. Casey*, 196 F.3d 592,603 (5th Cir. 1999)). A stakeholder can become interested when it engages in the conflict, which can include actively taking a position opposing a claim. *Id*.  See also *Phillips Petroleum Co. v. Hazlewood*, 534 F.2d 61, 63 (5th Cir. 1976).

9.     "[I]n determining whether an award of attorney's fees is appropriate the Court should examine: '(1) whether the case is simple or involved; (2) whether the stakeholder performed any unique services for the claimants or the court; (3) whether the stakeholder acted in good faith and with diligence; (4) whether the services rendered benefitted the stakeholder; and (5) whether

the claimants improperly protracted the proceedings.'" *Noeller v. Metro. Life Ins. Co.*, 190 F.R.D. 202, 207 (E.D. Tex. 1999).

10.     As an initial matter, Saddleback is and has always been a disinterested stakeholder in this interpleader, as Saddleback in no way contributed to the controversy in this case.  The controversy in this case arose from Remnant's claim it was entitled to a greater share of royalty payments, which necessarily meant other Interpleader Defendants received a smaller distribution. Once Remnant raised the issue of *Van Dyke's* applicability, Saddleback faced two options: (1) agree, and risk litigation from other one or several of the other royalty owners based on their reduced payments; or (2) disagree, and risk litigation from Remnant for not properly applying the holding.  At no time did Saddleback ever take a position in this matter as to the (in)applicability of *Van Dyke*, as evidenced by its lack of filing any motion or response in this regard.  Rather, Saddleback sought guidance and protection from the Court to determine the issue in order to prevent the potential for an onslaught of persistent and protracted litigation, particularly given the number of parties in this matter.

11.     It was necessary for Saddleback to retain counsel in this case in order to get a definitive ruling about the applicability of the holding in *Van Dyke*.  Had Saddleback made any interpretation, it faced the threat of litigation from many, many Interpleader Defendants.  Upon learning of Remnant's claims in this case and unable to resolve them, Saddleback timely and promptly filed this interpleader action and deposited the funds in the registry of the Court. Once the determination was made by the Court, Saddleback then issued a supplemental title opinion incorporating the Court's ruling for review and potential objection by the parties.

12.     Saddleback has no interest and never made any claim to these funds.  Rather, Saddleback's only interest was that these funds were distributed appropriately and pursuant to recent Texas law and consistent with their mineral interests and royalty ownership.

13.     Saddleback seeks attorney's fees in the amount of $52,707.50.  These fees represent the work necessary to file this interpleader action, attempts to locate the numerous parties, preparation of pleading, attendance at required hearings and communication with multiple parties' attorneys throughout the course of this litigation.  This amount requested constitutes the necessary and reasonable attorney's fees incurred by Saddleback in this case.

14.     Additionally, Saddleback has incurred $23,048.96 in expenses associated with this action, mostly for service on the numerous known and unknown interpleader Defendants, including citation by publication and international service.

15.     The Affidavit of Molly L. Pela is attached as Exhibit A, and is submitted in support of this Motion.

## IV.    PRAYER

16.     BASED ON THE FOREGOING, Interpleader-Plaintiff, Saddleback Exploration, LLC, respectfully requests that this court grant this Motion and award its attorney's fees of $52,707.50 and expenses in the amount of $23,048.96 and for all other such relief to which it may be entitled whether in law or equity.

*[Signature Block Next Page]*

Respectfully submitted,

COKINOS | YOUNG

By: _____
    MOLLY L. PELA
    State Bar No. 24046606
    Federal Bar No. 1115529
    Attorney-In-Charge
    1221 Lamar Street, 16th Floor
    Houston, Texas 77010
    Phone: (713) 535-5500
    Facsimile: (713) 535-5511
    mpela@cokinoslaw.com

**ATTORNEYS FOR SADDLEBACK EXPLORATION, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2026, I electronically filed and served the foregoing motion upon each attorney of record and upon the Clerk of Court via the Court's ECF system.

_____
Molly L. Pela

6